880 So.2d 69 (2004)
STATE of Louisiana
v.
Melvin JACKSON.
No. 04-KA-293.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 2004.
*71 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Doug Freese, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Holli Herrle-Castillo, Marrero, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
Defendant, Melvin Jackson, was charged in a bill of information on October 24, 2001, with one count of conspiracy to commit armed robbery in violation of LSA-R.S. 14:26 and LSA-R.S. 14:64, one count of armed robbery in violation of LSA-R.S. 14:64, and one count of felon in possession of a firearm in violation of LSA-R.S. 14:95.1.[1] He pled not guilty and filed several pretrial motions which were denied prior to trial. On May 1, 2003, defendant proceeded to trial on counts one and two, conspiracy to commit armed robbery and armed robbery. After considering the evidence presented, a twelve person jury found defendant guilty as charged on both counts.
On May 28, 2003, the trial court sentenced defendant to forty-nine and one-half years on count one, conspiracy to commit armed robbery, and ninety-nine years on count two, armed robbery, and ordered the sentences to run concurrently with each other. Thereafter, the state dismissed count three, felon in possession of a firearm. On that same date, the trial judge denied defendant's motion for new trial, as well as his motion to reconsider sentence. Defendant now appeals.

FACTS
On August 30, 2001, Constant "C.J." Probst, was working in his coin shop on Veterans Boulevard in Metairie when he was robbed by two men at gunpoint. A white male, later identified as co-defendant Michael Molina, came to the door of Mr. Probst's shop carrying a long duffel bag and pressed the door buzzer. Mr. Probst let him in by deactivating the door's security device. Molina stood in the doorway and inquired whether Mr. Probst was buying silver. Mr. Probst asked if Molina was referring to silver coins, and Molina said yes. Molina then entered the shop leaving the door partially opened at which time a black male, later identified as defendant, followed. Molina put his duffel bag on the counter, leaned over, and displayed a can of mace. Defendant then walked around the counter and pointed a black automatic pistol at Mr. Probst.
*72 The victim was ordered to the back of the shop where he was tied up with duct tape. Defendant then filled the duffel bag with jewelry and coins from the shop. Defendant demanded to know where the cash was and repeatedly threatened to kill the victim. The perpetrators eventually left the shop at which time the victim managed to free one arm and call the police. When the police arrived, the victim gave them a description of the two perpetrators.
After the robbery, the victim sent a list of all the items that were stolen to other coin dealers in the Gulfsouth area. Approximately one week later, Detective Jeffrey Rodrigue with the Jefferson Parish Sheriff's Office received information from a coin dealer in Biloxi, Mississippi, who recognized the victim's handwriting on some coins that Molina was trying to sell at his shop. Molina and another co-defendant, Troy Albert, were arrested in Biloxi by the Biloxi police. A search of their hotel room revealed a can of mace and various coins. Additionally, a fingerprint taken from the victim's shop matched that of Molina.
Molina and Albert were brought to New Orleans where they gave statements which led Detective Rodrigue to develop defendant as a suspect. Detective Rodrigue showed a photographic lineup to the victim who positively identified defendant as one of the perpetrators of the robbery. A search warrant was executed at the apartment where defendant was staying. The search yielded jewelry taken from the victim's shop, the weapon used in the armed robbery, and clothing identified by the victim as having been worn by the perpetrators.
At trial, co-defendant Troy Albert testified against defendant, who is her brother.[2] She stated that she, Molina, and defendant were at defendant's girlfriend's apartment on August 30, 2001, when the robbery was planned. Albert testified that Molina and defendant left the apartment and returned with two duffel bags full of coins and jewelry. She was given some jewelry, and the remaining stolen goods were divided between Molina and defendant. The next day, she and Molina went to Houston and pawned some of the stolen goods. They then went to Biloxi and tried to sell some of the stolen goods when they were arrested.

IMPROPER CLOSING ARGUMENT
In his first assigned error, defendant argues that the trial court erred in failing to sustain his objection to a prejudicial statement made by the prosecutor during closing arguments. Defendant asserts the prosecutor's statement, that defendant could have called various witnesses but failed to do so, suggested to the jury that he had an obligation to present evidence to prove his innocence. Defendant contends that the trial court should have admonished the jury to disregard the prejudicial remark. The state responds that defendant never requested an admonition and, even if he did, the comment was a permissible reference to the lack of evidence and was made in response to defendant's remark that the state could have called more witnesses.
As part of his defense, defense counsel challenged the identification of defendant as the perpetrator of the crime. He questioned the victim about his failure to mention defendant's front gold tooth when giving a description of the perpetrators to the *73 police. During closing arguments, the prosecutor stated:
The State bears the burden of proof in this case and in every case we prosecute. But there's nothing that stops them from calling witnesses. The State has presented no evidence to suggest to you that he didn't have gold teeth on August 30th of 2001. Have you heard any evidence to suggest that he did? The Defense could have called Monica McKinney. The Defense could have called the Defendant's mama
At that point, defense counsel objected on the basis the defense had no burden. The trial court overruled the objection but instructed the prosecutor to "move off of that topic." A brief bench conference was held after which the prosecutor continued with his closing argument. At no time did defendant request the trial court to admonish the jury.
Closing arguments in criminal cases are restricted to evidence admitted to trial, to lack of evidence, to conclusions of fact that may be drawn therefrom and to the law applicable to the case. The argument may not appeal to prejudice. LSA-C.Cr.P. art. 774; State v. Fernandez, 03-987 (La.App. 5 Cir. 12/30/03), 864 So.2d 764, 768.
A prosecutor has considerable latitude in making closing arguments. State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364, 374, cert. denied, 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996); State v. Williams, 03-942 (La.App. 5 Cir. 1/27/04), 866 So.2d 1003, writ denied, 04-450 (La.6/25/04), 876 So.2d 832. A conviction will not be reversed due to improper remarks during closing argument unless the reviewing court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Fernandez, supra. In making this decision, credit should be given to the jury's good sense and fairmindedness. State v. Eaton, 524 So.2d 1194, 1208 (La. 1988), cert. denied, 488 U.S. 1019, 109 S.Ct. 818, 102 L.Ed.2d 807 (1989).
LSA-C.Cr.P. art. 771 provides that "upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury" when the remark is made by the district attorney and falls outside the scope of LSA-C.Cr.P. art. 770. LSA-C.Cr.P. art. 770 lists certain prejudicial remarks that mandate a mistrial when made by the district attorney in the presence of the jury. These include comments which refer directly or indirectly to 1) race, religion, color or national origin, if the remark or comment is not material and relevant, 2) inadmissible evidence of other crimes, and 3) defendant's failure to testify in his own defense.
As noted previously, defense counsel objected to the prosecutor's comment, but he never requested an admonition. Absent such a request, the trial court need not admonish the jury. State v. McPherson, 98-1207 (La.App. 5 Cir. 3/30/99), 733 So.2d 634, 640.
Moreover, we find that the prosecutor's comment was permissible and would not have warranted an admonition, even had one been properly requested by defense counsel. A prosecutor's comments made during closing arguments referencing the lack of evidence are permissible under LSA-C.Cr.P. art. 774. See State v. Smith, 357 So.2d 798, 802 (La.1978) and State v. Forrest, 95-31 (La.App. 5 Cir. 2/14/96), 670 So.2d 1263, 1269, writ denied, 96-0654 (La.6/28/96), 675 So.2d 1117.
*74 In the present case, the prosecutor's comments referencing the lack of witnesses to corroborate the existence of defendant's gold tooth at the time of the offense were permissible comments on the lack of evidence. At the time of the remarks, the prosecutor was in the process of reviewing the evidence and explaining to the jury how the evidence proved each element of the crime. The prosecutor did not focus the jury's attention on the defendant's failure to produce evidence but rather was simply pointing out the lack of evidence. Furthermore, the prosecutor prefaced his remark by emphasizing the burden of proof was on the state.
Based on the foregoing discussion, we find no merit to the arguments raised by defendant in this assigned error.

EXCESSIVE SENTENCE
By this second assigned error, defendant challenges the sentences imposed. In the present case, the trial judge sentenced defendant to the maximum sentences of forty-nine and one-half years on the conspiracy to commit armed robbery conviction and ninety-nine years on the armed robbery conviction. Defendant now asserts that the sentences are constitutionally excessive, and further that the trial court failed to state reasons under LSA-C.Cr.P. art. 894.1 for imposing the maximum sentence on both counts. Defendant argues the mere fact he had a gun does not justify the maximum sentence because the definition of armed robbery means a weapon was used. He also contends the facts of his crime do not warrant a maximum sentence, specifically pointing to the fact that the victim was not physically harmed.
Both the United States and the Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. Trial judges are granted great discretion in imposing sentences and a sentence will not be set aside as excessive absent clear abuse of that broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069.
In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. State v. Brown, 99-172 (La.App. 5 Cir. 9/28/99), 742 So.2d 1051, 1056, writ denied, 99-3148 (La.4/20/00), 760 So.2d 340. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145.
In imposing the maximum sentences on defendant, the trial court stated:
Well, I think it should be clear now that this Court is not going to tolerate citizens of Jefferson Parish being terrorized by armed robbers, people carrying guns committing crimes and terrorizing people. And this sentence, like the one prior to it, is specifically tailored to this Defendant and the actions he committed.
Although the trial judge did not fully articulate the sentencing factors set forth *75 in LSA-C.Cr.P. art. 894.1, we find that the record supports the sentences imposed. Defendant went into the victim's place of business, pointed a gun at him, tied him up, and threatened to kill him. Also, defendant was apparently not a first felony offender. Although later withdrawn, the state filed a multiple offender bill of information alleging defendant was a second felony offender with a prior conviction for distribution of cocaine. Given these circumstances, we find that the trial court did not abuse his discretion in the sentencing of defendant. See State v. Dempsey, 02-1867 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, where the Fourth Circuit found defendant's four consecutive ninety-nine year sentences for four counts of armed robbery not to be excessive despite the fact the victims were physically unharmed.
Accordingly, this assigned error is likewise without merit.

ERROR PATENT DISCUSSION
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920: State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Our review reveals that the trial judge failed to observe the mandatory twenty-four hour delay between the denial of defendant's motion for new trial and sentencing as required by the provisions of LSA-C.Cr.P. art. 873. In the present case, when the parties came for sentencing, defense counsel filed a motion for new trial. The trial court requested the record and then a bench conference was held, which was not transcribed. Thereafter, the trial court stated:
All right. This is before the Court for sentencing. Does either side wish to say anything prior to sentence being imposed?
And I'll deny the motion for a new trial.
Defense counsel objected to trial court's denial of the motion and then proceeded to make an argument pertaining to defendant's sentencing. Although defendant did not expressly waive the twenty-four hour delay, we find that defendant tacitly waived the delay by proceeding with argument regarding sentencing. See State v. Biglane, 99-111 (La.App. 5 Cir. 5/19/99), 738 So.2d 630, 639, where this court found defense counsel's announcement that defendant was ready for sentencing after the denial of a motion for new trial sufficiently waived the twenty-four hour time delay required by LSA-C.Cr.P. art 873.
Accordingly, for the reasons set forth herein, defendant's convictions and sentences are hereby affirmed.
AFFIRMED.
NOTES
[1] Co-defendants, Troy Albert and Michael Molina, were also charged in the bill of information. However, they did not proceed to trial with defendant and are not involved in the instant appeal.
[2] It was established that Albert entered a plea agreement wherein she pled guilty to the charges against her and agreed to testify against defendant in exchange for a twenty year sentence.