901 So.2d 445 (2005)
STATE of Louisiana
v.
Carnell BOLDEN.
No. 04-KA-1000.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 2005.
*447 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, David Wolff, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
A. Bruce Netterville, Gretna, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
Defendant was convicted by a jury of one count of aggravated incest, a violation of LSA-R.S. 14:78.1, and one count of attempted aggravated crime against nature, a violation of LSA-R.S. 14:89.1 and R.S. 14:27. On December 20, 2001, defendant was sentenced to ten years of imprisonment at hard labor on count one and six years of imprisonment at hard labor on count two, with the sentences to run concurrently, and with the sentence on count two to be without benefit of parole, probation, or suspension of sentence. At sentencing, defendant orally moved for reconsideration of sentence; however, the trial judge failed to rule on this motion. State v. Bolden, 03-266 (La.App. 5 Cir. 7/29/03), 852 So.2d 1050, 1053, 1064-1065.
On appeal, this Court affirmed defendant's conviction and remanded the case to the trial court for a ruling on the motion to reconsider sentence. The trial court granted the motion for reconsideration and re-sentenced defendant. The court imposed the same sentences; however, count one was imposed with benefits. The sentences were imposed to run concurrently, and defendant was given credit for time served. This timely appeal follows. State v. Bolden, 852 So.2d at 1065.

FACTS
The facts of this case are set forth in State v. Bolden, 03-266 (La.App. 5 Cir. 7/29/03), 852 So.2d 1050.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that his ten-year sentence at hard labor is excessive because he did not have previous felony convictions and was previously given an overly harsh sentence. Defendant further complains that the trial court did not consider mitigating factors prior to re-sentencing.
After defendant's sentence was imposed, defense counsel orally objected to the sentence as excessive, without stating grounds upon which the objection was based, and moved for an appeal. Further, defendant did not file a written motion to reconsider sentence. Failure to make or file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness only. LSA-C.Cr.P. art. 881.1(E); State v. Dupre, 03-256 (La.App. *448 5 Cir. 5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 (La.5/14/04), 872 So.2d 509.
The Eighth Amendment to the United States Constitution and Article 1, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. State v. Jackson, 04-293 (La.App. 5 Cir. 7/27/04), 880 So.2d 69, 74. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense so as to shock our sense of justice, or if the offense imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Brown, 01-160 (La.App. 5 Cir. 5/30/01), 788 So.2d 667, 674. Trial judges are granted great discretion in imposing sentences, and sentences will not be set aside as excessive absent clear abuse of that broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069.
Defendant was convicted of aggravated incest, a violation of LSA-R.S. 14:78.1, and re-sentenced to imprisonment at hard labor for ten years with benefits. Further, defendant was convicted of attempted aggravated crime against nature, violations of LSA-R.S. 14:89.1 and R.S. 14:27, and re-sentenced to six years without the benefit of suspension of sentence, probation or parole. The trial court imposed concurrent sentences.
According to LSA-R.S. 14:78.1(D), "[a] person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both."
Whoever commits the crime of aggravated crime against nature shall be imprisoned at hard labor for not less than three nor more than fifteen years, such sentence to be served without benefit of suspension of sentence, probation or parole. LSA-R.S. 14:89.1(B).
LSA-R.S. 14:27(D) provides in pertinent part:
Whoever attempts to commit any crime shall be punished as follows:
....
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
Therefore, the maximum sentence defendant could have received for attempted aggravated crime against nature was seven and one-half years.
Three factors are considered in reviewing a judge's sentencing discretion: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. State v. Le, 98-1274 (La.App. 5 Cir. 6/30/99), 738 So.2d 168, 171, writ denied, 00-2174 (La.4/12/01), 789 So.2d 587 (citing State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 520 So.2d 1252 (La.App. 5 Cir.1988), writ denied, 523 So.2d 1320 (La.4/29/88)).
Defendant contends that the trial court failed to consider mitigating factors prior to re-sentencing. Since incarceration, defendant has completed substance abuse programs. Proof of completion was accepted as evidence. Defendant contends that he has had no previous convictions, supports his dependents, and has worked at the same job since 1995. However, there is no requirement that specific matters be given any particular weight at sentencing. State v. Tracy, 02-227 (La.App. 5 *449 Cir. 10/29/02), 831 So.2d 503, 516, writ denied, 02-2900 (La.4/4/03), 840 So.2d 1213 (citing State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385). When reviewing a sentence on appeal, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200 (La.10/12/01), 799 So.2d 461, 462; State v. Jackson, 880 So.2d at 74.
With respect to the aggravated incest conviction, defendant could have received a maximum sentence of twenty years and, in addition, could have been fined up to $50,000. However, defendant only received a mid-range sentence of ten years. With respect to the attempted aggravated crime against nature charge, defendant could have received a maximum sentence of seven and one-half years without benefits; however, he received a six-year sentence without benefits instead.
During re-sentencing, the trial judge did not state reasons for the sentences imposed upon defendant; however, the record appears to support the sentence imposed. If the record supports defendant's sentence, the appellate court shall not set aside the sentence for excessiveness. LSA-C.Cr.P. art. 881.4(D). Despite the trial judge's failure to set forth reasons at the re-sentencing, this Court can look to the record for support of the sentence. See, State v. Uloho, 04-55 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, 933, writ denied, 04-1640 (La.11/19/04), 888 So.2d 192, and the cases cited therein. In the case at hand, even though defendant did not have prior felony convictions, defendant, age thirty-three, engaged in sexual intercourse and other attempted sexual acts with his thirteen-year-old niece on several occasions. The record reflects that defendant abused a position of trust and responsibility without regard to the potential lifelong harm he would cause his niece.
We find that, in light of the facts of the case and the jurisprudence, the sentences were not constitutionally excessive, and the trial court did not abuse its discretion in imposing them.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).[1] The following matters are presented for review.
First, according to the transcript, defendant was re-sentenced for aggravated incest to imprisonment at hard labor for ten years with benefits. Defendant was also re-sentenced for attempted aggravated crime against nature to six years of imprisonment without the benefit of suspension of sentence, probation or parole. However, the commitment reflects that defendant was sentenced to imprisonment for ten years, to be served without benefit of parole, probation, or suspension of sentence. If a discrepancy exists between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). Because it appears that there is a discrepancy, we amend the commitment to reflect that the sentence for aggravated incest be imposed with benefits. See, State v. May, 00-43 (La.App. 5 Cir. 5/17/00), 760 So.2d 1260.
*450 Second, defendant was convicted of LSA-R.S. 14:78.1, a "sex offense" as defined by LSA-R.S. 15:541(14.1). LSA-R.S. 15:540 et seq. requires registration of sex offenders. LSA-R.S. 15:543(A) requires that the trial judge provide written notification of the registration requirements of LSA-R.S. 15:542. Although it appears that defendant was advised of the registration requirements during his original sentencing, the trial judge did not re-advise defendant of these requirements at re-sentencing.
In regard to the original sentencing, the trial judge orally advised defendant that, upon release from incarceration, defendant was required under LSA-R.S. 15:541 and R.S. 15:542.1 to register as a sex offender. He further stated that his clerk was going to provide defendant with a copy of those registration regulations; however, the record does not contain a copy of these regulations. LSA-R.S. 15:543(A) requires that the trial judge provide written notification of the registration requirements of LSA-R.S. 15:542. We find that the trial court's registration notification during original sentencing was sufficient.
However, we find that, because no written notification was contained in the record, we must remand in order for the trial court to inform defendant of the registration requirements of LSA-R.S. 15:542 by sending appropriate written notice to defendant within ten days of the opinion, and to file written proof in the record that defendant received such notice. See, State v. Stevenson, 00-1296 (La.App. 5 Cir. 1/30/01), 778 So.2d 1165, 1166-1167.
According to LSA-R.S. 14:78.1(E)(1), in addition to any sentence imposed for aggravated incest, "the court shall, after determining the financial resources and future ability of the offender to pay, require the offender, if able, to pay the victim's reasonable costs of counseling that result from the offense." The re-sentencing transcript does not reflect that the trial judge complied with this statute; therefore, we remand this matter for compliance with LSA-R.S. 14:78.1(E).
In accordance with the above, we affirm the defendant's convictions of aggravated incest and attempted aggravated crime against nature. We also affirm defendant's sentence of ten years imprisonment at hard labor for the aggravated incest conviction and six years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, for the attempted aggravated crime against nature conviction, with the sentences to run concurrently with each other. Further, we remand this matter with instructions to the trial court to correct an error patent.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] This is a second appeal. Defendant is not entitled to a second errors patent review. See, State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783-784, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426. As a result, this error patent review is limited to the re-sentencing.