ROBERT M. MURPHY, Judge.

\ STATEMENT of the case

This is defendant’s second appeal.
Defendant was convicted of aggravated rape of a juvenile in violation of La. R.S. 14:42 (count one) and molestation of a juvenile in violation of La. R.S. 14:81.2 (count two). On count one, the trial court sentenced defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, and on count two, the trial court imposed a concurrent sentence of ten years imprisonment at hard labor.[1] In defendant’s first appeal, this Court affirmed defendant’s convictions on counts one and two, affirmed defendant’s sentence on count one, vacated defendant’s sentence on count two, and remanded the matter with instructions to impose a sentence on count two in accordance with La. R.S. 14:81.2(D)(1) as provided, for at the time of the offense.[2]
|40n January 23, 2014, pursuant to this Court’s remand instructions, the trial court re-sentenced defendant on count two to ten years at hard labor in the custody of the Department of Corrections without the benefit of probation, parole, or suspension of sentence. The court further gave defendant credit for time served and ordered the sentence on count two to run concurrently with the sentence for count one. On February 21, 2014, defendant filed a motion for reconsideration of sentence that was denied on March 13, 2014.[3] On July 23, 2014, the trial court granted defendant’s motion for appeal.[4] This timely appeal follows.

FACTS

The underlying facts of the case are not relevant to this, defendant’s second appeal. Nevertheless, a full narrative can be found *763 in this Court’s previous opinion regarding defendant’s first appeal. Alfaro, supra.

ANDERS BRIEF

Under the procedure adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[5] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record. By Order dated December 11, 2014, newly enrolled private counsel was granted an extension until 1 .^December 17, 2014, to file a supplemental brief. The Supplemental Brief was timely filed.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[6] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929, 676 So.2d at 1110. If, after an independent [^review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.

DISCUSSION

Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to *764 raise on appeal. Counsel indicates that defendant was sentenced in accordance with this Court’s Order. Appellate counsel has filed a motion to withdraw as attorney of record and has mailed defendant a copy of his brief. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until October 24, 2014, to file a pro se supplemental brief.[7]
Retained counsel and defendant pro se, have filed supplemental briefs. Appellate counsel requests that the instant appeal be dismissed; whereas, retained counsel, in his brief, raises the issue of excessiveness of sentence. Defendant, in his supplemental brief, claims that the trial court did not comply with this Court’s remand instructions when resentencing him.
The State agrees with appellate counsel and contends that the record shows that the trial court properly resentenced defendant in accordance with La. R.S. 14:81(D)(1), which provides that at least five years of the five to forty year sentence shall be served without benefits.
Insofar as retained counsel and defendant pro se urge excessiveness of sentence or that the trial court did not comply with this Court’s Order, we find that 17the trial court on remand complied exactly with this Court’s instructions. Al-faro, supra. To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock the court’s sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. See State v. Anderson, 12-869 (La.App. 5 Cir. 6/27/13), 121 So.3d 119, writ denied, 13-1861 (La.2/21/14), 133 So.3d 679. In similar cases, criminal defendants have received lengthy prison sentences. For instance in State v. Thibodeaux, 05-1187 (La.App. 3 Cir. 3/1/06), 924 So.2d 1205, writ denied, 06-700 (La.10/6/06), 938 So.2d 65, the defendant pleaded guilty to three counts of molestation of a juvenile and was sentenced to three consecutive 10-year terms. On appeal the court found no abuse of discretion. In the present case, the defendant was the child’s step-father; the child was thus entrusted to his care by virtue of his relationship with the child’s mother. On this basis, we find the sentence is not grossly disproportionate to the severity of this offense. We therefore find that the record supports the sentence imposed.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal and that defendant was re-sentenced in compliance with this Court’s Order in defendant’s first appeal. Alfaro, supra. Specifically, this Court explained that defendant’s sentence on count two, by statute, was required to contain at least a five-year restriction on benefits and accordingly vacated the relevant part of the sentence. Id. at 534. As previously stated, on January 23, 2014, pursuant to this Court’s remand instructions, the trial court resentenced defendant on count two to ten years at hard labor in the custody of the Department of Corrections without the benefit of probation, parole, or suspension of sentence.
IsThe record shows that defendant was present at the sentencing on January 23, 2014, and was represented by counsel. Defendant was properly sentenced in ac *765 cordance with La. R.S. 14:81.2(D)(1) as provided for at the time of the offense.[8] Furthermore, defendant was properly advised of the time limitations for filing postconviction relief. With respect to the motions that defendant filed after resen-tencing, we find that this Court was correct in its previous ruling in writ 14-310 that defendant’s motions for a new trial and in arrest of judgment were untimely, as neither motion was filed before sentencing as required by La.C.Cr.P. arts. 853 and 861. To the extent that defendant filed a motion requesting a copy of the record to facilitate review of his sentence, we find that defendant has been afforded an opportunity to receive a complete copy of the official record in this matter in connection with his appeal. Furthermore, defendant is receiving a review of his re-sentencing as he had requested in his motion to reconsider sentence. Because defendant’s appointed counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we affirm defendant’s sentence and grant appellate counsel’s motion to withdraw as attorney of record.
ERRORS PATENT DISCUSSION[9]
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals the following. The record from |fldefendant’s first appeal indicates that defendant was provided with written notice of sex offender registration requirements at his original sentencing. However, the record upon re-sentencing does not reflect that defendant was notified of Louisiana’s sex offender registration requirements in accordance with La. R.S. 15:541 et seq. Nevertheless, this Court has previously found that when the record contains written proof that defendant was advised of the sex offender requirements during original sentencing, no further advisal was necessary upon re-sentencing. State v. Bolden, 04-1000 (La.App. 5 Cir. 03/01/05), 901 So.2d 445, 447, writ denied, 05-2030 (La.04/28/06), 927 So.2d 279. We find that the trial court’s written advisal of the sex offender requirements provided to defendant upon his first sentencing on count two was sufficient.

SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.

. State v. Alfaro, 13-39 (La.App. 5 Cir. 10/30/13, 128 So.3d 515), writ denied, 13-2793 (La.5/16/14), 139 So.3d 1024.

. Id.

. It is noted that in this Court's Order in writ 14-310 (La.App. 5 Cir. 5/30/14) (unpublished disposition) the panel granted mandamus relief pertaining to defendant's notice of intent to appeal resentencing, but found no error in the trial court's rulings on other motions filed by defendant.

.It is noted that the trial court granted defendant’s appeal following this Court's Order in writ 14-70 (La.App. 5 Cir. 7/17/14) (unpublished disposition). The panel held that defendant had timely filed his notice of intent on April 11, 2014, within thirty days of the denial of his motion for reconsideration of sentence on March 13, 2014, as per La.C.Cr.P. art. 914(B).

. In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam).

. The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. This Court’s Case Management System indicates that by an Order dated December 2, 2014, this Court granted defense counsel until December 12, 2014, to file a supplemental brief.

. La. R.S. 14:81.2(D)(1) was amended by Acts 2011, No. 6, § 1 and can now be found at La. R.S. 14:81.2(C)(1), in pertinent part: "Whoever commits the crime of molestation of a juvenile by violating the provisions of Paragraph (A)(1) of this Section, when the incidents of molestation recur during a period of more than one year, shall, on first conviction, be fined not more than ten thousand dollars or imprisoned with or without hard labor for not less than five nor more than forty years, or both. At least five years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence."

. This is a second appeal. Defendant is not entitled to a second errors patent review. See State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426. As a result, this errors patent review is limited to the resentencing.