WALTER J. ROTHSCHILD, Judge.
 

 12Defendant, Edwardo Flores, was charged by bill of information with armed robbery with a firearm, in violation of LSA-R.S. 14:64 and 14:64.3. He pled not guilty at arraignment. Trial was held and, on April 8, 2009, a 12-person jury found defendant guilty as charged. On May 8, 2009, the trial court sentenced defendant to imprisonment at hard labor for a term of 10 years, pursuant to LSA-R.S. 14:64, and an additional 5 years pursuant to the enhancement statute, LSA-R.S. 14:64.3, to be served consecutively and without benefit of parole, probation or suspension of sentence. Defendant appeals.
 

 FACTS
 

 At trial, Rose Madison testified that on the evening of September 23, 2007, she was making a pizza delivery for Domino’s Pizza in Gretna, Louisiana. When Ms. Madison observed three men standing near the delivery location on Grovewood Drive, she stopped the vehicle and opened the window to ask if they had ordered a pizza. When they responded affirmatively, Ms. Madison pulled over | sand parked the car. One of the men started digging in his pockets, as if he were retrieving money or a wallet. Ms. Madison stated that she opened the door on the passenger side of her vehicle and retrieved the pizza. When she turned around, one of the men was holding a gun to her face, and he demanded her money and the pizza.
 

 Ms. Madison recognized the man with the gun, later identified as defendant, as a classmate from Helen Cox School. She said to defendant, “Bra, why you robbing me? We went to school together. I know you.” While defendant held the gun to her face, another man, later identified as Devon Allen, searched her car while a man with a baseball bat, later identified as Troy Dent, stood off to the side. Mr. Allen took Ms. Madison’s cigarettes and wallet, including her driver’s license and $400 cash, from the vehicle. Defendant told Ms. Madison to empty the pizza bag on the ground, so she opened the bag and poured the contents on the ground. Defendant then picked up the items from the bag and
 
 *1121
 
 ran away. After the perpetrators fled, Ms. Madison locked herself in her vehicle and called the police.
 

 Deputy Johnnie Petit, Jr. of the Jefferson Parish Sheriffs Office responded to the call. Deputy Petit testified that Ms. Madison told him that three African-American men had robbed her. After arriving at the scene, Deputy Petit requested that Ms. Madison follow him back to the Domino’s location. Deputy Petit turned onto Bannerwood Street and noticed a group of individuals playing basketball in the street. Immediately thereafter, Deputy Petit noticed that Ms. Madison was blowing her horn and flicking her headlights, so he pulled over on the next street and proceeded to Ms. Madison’s car. Ms. Madison told Deputy Petit that she recognized two of the men who robbed her playing basketball. Ms. Madison told Deputy Petit that she would never forget the men’s faces.
 

 14Deputy Petit stopped all four men playing basketball and handcuffed the two who matched the description given by Ms. Madison. Ms. Madison positively identified Troy Dent and defendant as two of the men who had robbed her. Deputy Petit arrested defendant and Mr. Dent and advised them of their rights. On cross-examination, Deputy Petit admitted that he did not recover a gun, baseball bat, or Ms. Madison’s wallet from Mr. Dent or defendant.
 

 Devon Allen was arrested a couple of weeks later on October 10, 2007. Ms. Madison positively identified him as the third individual involved in the robbery.
 

 Troy Dent, one of the perpetrators identified by Ms. Madison, testified for the State. Mr. Dent testified that on the evening of September 23, 2007, he, Mr. Allen, defendant, Joe Flores (defendant’s brother), and a guy named “Slim” were sitting outside in front of defendant’s home when somebody suggested that they order a pizza. When Joe Flores said “I don’t have no money,” or “nobody don’t have no money out here,” Mr. Allen asked defendant “[d]o you still have the gun?” Defendant responded affirmatively and pulled a small, black gun out of his pocket. Mr. Allen said, “[tjhat’s how we’re going to get it,” and Joe used Slim’s phone to call and order the pizza.
 

 According to Mr. Dent, the group crossed through a fence in the Flores’ backyard to the street behind their house. Mr. Dent said he did not want to go, but defendant said “[i]f you don’t go, I’m going to kill your momma or your sister.” They were standing on the corner when a woman in a truck stopped and asked the group if they had ordered a pizza. Mr. Allen responded affirmatively, reached into his pocket, and pulled out his wallet. Mr. Dent testified that the woman opened the back door of her vehicle and leaned down to get the pizza. When the woman turned around, defendant put the gun in her face and told her to empty her pockets. The woman said, “[w]hat are you doing? I went to school with you, Bra.” While | aMr. Dent stood in back with a baseball bat, Mr. Allen searched the woman’s vehicle and took her cigarettes. According to Mr. Dent, the three did not take anything else from the vehicle.
 

 The three men left the scene. When Mr. Dent tried to return to his house, Mr. Allen and defendant told him “[n]o, you’re not going inside.” Mr. Dent suspected that they did not want him to go inside because they thought he might call the police or tell his mother what they had done. Mr. Dent originally gave a statement to the police denying any involvement in the robbery. He later gave a second statement to police that was similar to his trial testimony.
 

 Eric Cado testified for the defense at trial. He stated that he and defendant
 
 *1122
 
 were Mends, and they were playing basketball with Mr. Dent and Joe Flores on the evening of September 23, 2007, when the police arrived and arrested defendant and Mr. Dent. Mr. Cado testified that he did not see Mr. Allen at all that day, that he did not see defendant with a gun, and that he did not see Mr. Dent with a baseball bat. Mr. Cado testified that he did not observe defendant or Joe Flores using a cell phone or ordering a pizza, and did not see anyone deliver a pizza. Finally, Mr. Cado testified that he had no knowledge of an armed robbery that occurred that night.
 

 Similarly, Joseph Flores testified that on the night of September 23, 2007, he, Flores, Dent and Eric Cado, who he knows as “Slim,” were hanging out on the porch and playing basketball. While they were playing basketball, a police officer arrived, searched them, and handcuffed defendant and Mr. Dent. Joe Flores testified that he did not see anyone order a pizza or make a phone call, did not see a pizza delivery person, did not see anyone with a gun or a baseball bat, and did not see anyone with cigarettes. Joe Flores further testified that he did not see Mr. Allen on the night of September 23, 2007. Joe Flores additionally indicated that |fihe, defendant, Mr. Dent and Mr. Cado were searched by the police officer, but the officer did not find a gun, a bat, a wallet, a pizza or cigarettes on any of them.
 

 DISCUSSION
 

 In his second assignment of error, defendant contends that the State presented insufficient evidence to support his conviction for armed robbery with a firearm. When issues are raised on appeal as to the sufficiency of the evidence and as to one or more trial errors, a reviewing court must first determine the sufficiency of the evidence.
 
 State v. Hearold,
 
 603 So.2d 731, 734 (La.1992). Accordingly, we address defendant’s second assignment of error first.
 

 The constitutional standard for testing the sufficiency of the evidence, as enunciated in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 State v. Ortiz,
 
 96-1609, p. 12 (La.10/21/97), 701 So.2d 922, 930,
 
 cert. denied,
 
 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998);
 
 State v. Scott,
 
 06-134, p. 12 (La.App. 5 Cir. 7/25/06), 939 So.2d 462, 470,
 
 writ denied,
 
 06-2133 (La.3/30/07), 953 So.2d 61. Under the
 
 Jackson
 
 standard, a review of a criminal conviction record for sufficiency of evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.
 
 State v. Jones,
 
 08-20, p. 6 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt.
 
 Id.
 
 at 7, 985 So.2d at 240.
 

 Evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience.
 
 Jones,
 
 1708-20 at 7, 985 So.2d at 240. Where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, “assuming every fact to be proved that the evidence tends to prove.” LSA-R.S. 15:438;
 
 State v. Frith,
 
 08-52, p. 9 (La.App. 5 Cir. 4/29/08), 985 So.2d 792, 797;
 
 State v. Neal,
 
 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657,
 
 cert. denied,
 
 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). This
 
 *1123
 
 is not a separate test from that stated in
 
 Jackson,
 
 but rather provides a helpful basis for determining the existence of reasonable doubt.
 
 State v. Kempton,
 
 01-572 (La.App. 5 Cir. 12/12/01), 806 So.2d 718, 722. Ultimately, both the direct and circumstantial evidence must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt.
 
 State v. Harrell,
 
 01-841 (La.App. 5 Cir. 2/26/02), 811 So.2d 1015, 1019.
 

 In the present case, defendant was charged with armed robbery with a firearm in violation of LSA-R.S. 14:64 and LSA-R.S. 14:64.3. In order to prove the charged offense, the State must prove beyond a reasonable doubt the defendant took “anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon,” and that “the dangerous weapon used in the commission of the crime of armed robbery is a firearm.” LSA-R.S. 14:64; LSA-R.S. 14:64.3. Encompassed in proving the elements of an offense is the necessity of proving the identity of the defendant as the perpetrator.
 
 State v. Fuller,
 
 07-319, p. 5 (La.App. 5 Cir. 2/19/08), 980 So.2d 45, 49,
 
 writ denied,
 
 08-0705 (La.10/10/08), 993 So.2d 1282. Positive identification by only one witness is sufficient to support a conviction.
 
 Id.
 
 at 6, 980 So.2d at 49.
 

 In the instant case, Rose Madison testified that, while delivering pizza on the evening of September 23, 2007, she asked defendant and the two men he was with 18if they had ordered a pizza, and they responded affirmatively. Ms. Madison reached in her vehicle to grab the pizza and, when she turned around, defendant was holding a gun to her face and demanded that Ms. Madison hand over the money and the pizza. She testified that the perpetrators took the contents of the pizza bag, and Mr. Allen took her cigarettes and wallet, including $400 cash, from the vehicle. Ms. Madison stated that defendant held a gun to her head while Mr. Allen searched her vehicle and Mr. Dent stood nearby with a baseball bat.
 

 Ms. Madison identified defendant in court and testified that she was sure that the man who stuck a gun in her face was defendant because “they didn’t have any masks over their face, and I seen his face. And I recognize him, because he went to Helen Cox school.” Defendant and Mr. Dent were also positively identified by Ms. Madison shortly after the robbery, and Deputy Petit testified that she told him that she would never forget the men’s faces.
 

 Although the defense presented testimony from Eric Cado and Joseph Flores that defendant could not have been involved in a robbery at that time, the jurors clearly found the testimony of the State’s witnesses to be more credible. Defendant argues that Troy Dent’s testimony was not credible or rehable, because he was given a plea bargain in exchange for his testimony. However, Mr. Dent’s trial testimony corroborated Ms. Madison’s testimony regarding the robbery. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion.
 
 State v. Johnson,
 
 03-903 (La.App. 5 Cir. 12/9/03), 864 So.2d 645, 650. The jury was presented with and clearly accepted Ms. Madison’s testimony that defendant, while armed with a gun, robbed her by use of force or intimidation.
 

 |9Based on the record before us, we find that the evidence, viewed in a light most favorable to the State, was sufficient to establish that defendant was guilty of armed robbery with a firearm beyond a reasonable doubt. Accordingly, this assignment of error is without merit.
 

 
 *1124
 
 In his first assignment of error, defendant contends that the district court lacked jurisdiction over defendant, who was a juvenile at the time of the offense. He contends that the trial court erred in denying his motion to quash the bill of information, because the state failed to follow certain procedures in transferring his case to adult jurisdiction. At the time of the offense, defendant was 16 years old.
 

 Article V, Section 19 of the Louisiana Constitution provides that a juvenile who is alleged to have committed a crime prior to his seventeenth birthday is entitled to the protections of special juvenile procedures.
 
 State v. Hamilton,
 
 96-0107 (La.7/2/96), 676 So.2d 1081, 1082. However, the Louisiana Constitution authorizes the legislature to exclude juveniles accused of certain enumerated offenses from the jurisdiction of the juvenile courts.
 
 Id.
 
 For Louisiana’s most serious felony offenses, LSA-Ch.C. art. 305 gives the criminal courts jurisdiction over juveniles. LSA-Ch.C. art. 305(B) provides that children age fifteen or older who are accused of certain enumerated offenses, including armed robbery, are subject to the exclusive jurisdiction of the juvenile courts until either: 1) an indictment charging one of the enumerated offenses is returned; or 2) the juvenile court holds a continued custody hearing and finds probable cause that the child has committed one of the enumerated offenses, and a bill of information charging one of those offenses is filed.
 

 In the present case, defendant’s primary contention is that the State failed to comply with the provisions of LSA-Ch.C. art. 305, because no indictment was returned against him and no continued custody hearing was held in juvenile court. 1 inDefendant contends that his mother’s testimony at the motion to quash hearing established that the State failed to conduct a continued custody hearing, and thus, the district court lacked jurisdiction over his case.
 

 At the December 15, 2008 hearing on defendant’s motion to quash the bill of information, defendant’s mother, Sandra Flores, testified that she was present at a hearing in juvenile court on September 24, 2007. According to Ms. Flores, the charges were read and a bond was set for defendant during the September 24, 2007 hearing, and the hearing lasted ten minutes or less. She further indicated that defendant’s lawyer did not speak to her or defendant’s father, that no officer testified against defendant, and that no continued custody or probable cause was determined during the September 24, 2007 hearing.
 

 In response to defendant’s claims, the State argued that a continued custody hearing was in fact held on September 24, 2007 in juvenile court and that the judge found probable cause that defendant committed the crime of armed robbery with a firearm. The State introduced a minute entry from juvenile court dated September 24, 2007. The minute entry indicates that a “continued custody hearing” was held that day with defendant, his attorney, his mother, and his father present. The minute entry further indicates that Detective Shawn Champagne of the Jefferson Parish Sheriffs Office testified at the hearing and that at the conclusion of the continued custody hearing, the “court finds probable cause proven for continued custody.” The minute entry also indicates that the State had 30 days to determine if defendant would be tried as an adult. Based on this evidence, the trial judge denied defendant’s motion to quash.
 

 In this case, there were two versions of events presented at the hearing on the motion to quash. Ms. Flores testified that no continued custody or probable cause took place during the September 24, 2007 hearing. The minute entry for that |nday
 
 *1125
 
 indicates otherwise. Evidently, the trial court chose to discredit the testimony of defendant’s mother and found the State’s evidence sufficient to show that a continued custody hearing was in fact held pursuant to LSA-Ch.C. art. 305. We find no error in the trial court’s determination.
 

 In addition, defendant argues that the State did not comply with the juvenile court’s order to determine if defendant would be tried as an adult within 30 days, as set forth in the September 24, 2007 minute entry. Defendant acknowledges that the State filed a bill of information within the required 30 days, but this bill of information was later dismissed and a second bill of information was filed on December 4, 2007. We find defendant’s argument unpersuasive. The record shows that the State complied with the 30-day requirement ordered by the juvenile court when the initial bill of information was filed on October 15, 2007, and defendant was clearly aware that he was being charged as an adult in district court.
 

 The evidence does not show that the district court lacked jurisdiction over defendant in this matter. Accordingly, we find no error in the denial of defendant’s motion to quash, and this assignment of error is without merit.
 

 In his third assignment of error, defendant contends that the prosecution failed to disclose exculpatory evidence, as required by
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He asserts that the record shows that the State sent subpoenas to the Jefferson Parish School Board requesting enrollment records of defendant and Ms. Madison, but the subpoenas were not served on defendant and the returns were never disclosed to defendant. He further argues that the State did not offer into evidence the school records to confirm if defendant and Ms. Madison were ever enrolled in Helen Cox High School, so “this raises a question as to whether the State failed to disclose to Flores exculpatory evidence.” Defendant further claims that he requested from the State all criminal | ^convictions of its witnesses, but it was not discovered until trial that the victim, Rose Madison, had prior convictions for attempted theft and unauthorized use of a movable, and a probation violation for drug use.
 

 In
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that suppression by the prosecution of evidence favorable to the accused, after receiving a request for the evidence, violates a defendant’s due process rights where the evidence is material either to guilt or punishment. Evidence is material if there is a reasonable probability, sufficient to undermine confidence in the outcome, that the evidence, if disclosed to the defense, would have changed the outcome of the proceeding or created a reasonable doubt that did not otherwise exist.
 
 State v. Knapper,
 
 579 So.2d 956, 959 (La.1991). The failure to reveal such evidence adversely affects the defendant’s right to a fair trial.
 
 State v. Calloway,
 
 97-796 (La.App. 5 Cir. 8/25/98), 718 So.2d 559, 562,
 
 writs denied,
 
 98-2435 (La.1/8/99), 734 So.2d 1229 and 98-2438 (La.1/8/99), 734 So.2d 1229.
 

 Favorable evidence has been held to include both exculpatory and impeachment evidence.
 
 Id.
 
 The prosecution must make timely disclosure of the favorable evidence to provide the defense with adequate opportunity to present the material effectively in its case.
 
 State v. Kemp,
 
 00-2228, p. 7 (La.10/15/02), 828 So.2d 540, 545.
 

 Brady
 
 and its progeny do not establish a general rule of discoverability, and not every case in which it is discovered post-trial that favorable evidence was withheld by the State will result in a reversal of the conviction.
 
 State v. Bright,
 
 02-
 
 *1126
 
 2793, p. 6 (La.5/25/04), 875 So.2d 37, 42. A prosecutor does not breach any constitutional duty to disclose favorable evidence unless the “omission is of sufficient significance to result in the denial of the defendant’s right to a fair trial.” 11SM A
 
 Brady
 
 violation occurs when the evidentiary suppression “undermines confidence in the outcome of the trial.”
 
 Kyles v. Whitley,
 
 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995).
 

 In the instant case, the State provided defendant with open file discovery on January 24, 2008. Nonetheless, defendant contends that the State failed to disclose any potential information received through the issuance of subpoenas to the Jefferson Parish School Board for defendant’s school records. Defendant does not show and the record does not reveal that this information was exculpatory evidence material to his guilt, that the information was improperly withheld, or that the alleged suppression of the school records undermined confidence in the outcome of defendant’s trial. Ms. Madison identified defendant shortly after the robbery and never wavered in her identification. Mr. Dent corroborated her testimony. The record suggests that defendant’s conviction was largely based on the testimony of Ms. Madison, and the record does not show that production of defendant’s school records would have been favorable to the defense.
 

 Defendant also contends that he requested, through discovery, all criminal convictions of the State’s witnesses, but the State did not provide him with Ms. Madison’s criminal convictions prior to trial, including convictions for attempted theft and unauthorized use of a movable, as well as a probation violation for drug use.
 

 The record suggests that the State did provide the defense with Ms. Madison’s criminal convictions in this case. The prosecutor asked Ms. Madison during her testimony if she had ever been arrested. She responded that she was arrested for, and subsequently pleaded guilty to, unauthorized use of a movable. Ms. Madison indicated that she had not been in trouble since then. On cross-examination, one of the defense attorneys asked Ms. Madison if she recalled being | uconvicted in First Parish Court for attempted theft. The State objected, but the trial court allowed the defense attorney to ask the question. Ms. Madison responded that she was convicted in First Parish Court for attempted theft in November 2006. The defense attorney then asked Ms. Madison about whether she violated the conditions of her probation on the unauthorized use of a movable conviction. Ms. Madison responded that she “might have failed a drug screen” and that she tested positive for drugs on one occasion. The evidence suggests that the defense had been made aware of Ms. Madison’s arrests and criminal convictions prior to trial. Even if this was not the case, defendant fails to show how the alleged suppression of this information undermined confidence in the outcome of defendant’s trial, particularly since the jury was made aware of Ms. Madison’s prior convictions.
 

 Based on the foregoing, we find that no
 
 Brady
 
 violation was established, and thus, we find no merit in defendant’s third assignment of error.
 

 In defendant’s fourth assignment of error, he states that the “relevant conviction and sentence” did not “conform to the language in the bill of information.” In his fifth assignment of error, defendant states that the trial court erred in denying his motion for mistrial. Although defendant listed these issues as his fourth and fifth assigned errors, he did not brief either issue in his memorandum to this court. Assignments of error that are not
 
 *1127
 
 briefed are deemed abandoned, pursuant to Rule 2-12.4 of the Uniform Rules of Courts of Appeal. See also
 
 State v. Lauff,
 
 06-717, p. 9 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 819. Accordingly, we find that defendant has abandoned these two arguments, and they will not be addressed on appeal.
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). No errors requiring corrective action were noted.
 

 l1fiDECREE
 

 For the foregoing reasons, we affirm defendant’s conviction and sentence.
 

 AFFIRMED