STATE OF LOUISIANA

VERSUS

HENRY FORD, III

NO. 19-KA-242

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-1016, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING

December 26, 2019

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and John J. Molaison, Jr.

**CONVICTIONS AFFIRMED; REMANDED**

    **JJM**
    **FHW**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Paul D. Connick, Jr.
     Terry M. Boudreaux
     Andrea F. Long
     Matthew Whitworth
     Brittany Beckner

COUNSEL FOR DEFENDANT/APPELLANT,
HENRY FORD, III
     Holli A. Herrle-Castillo

**MOLAISON, J.**

Defendant appeals his conviction and enhanced sentence for being a felon in possession of a firearm. For the reasons that follow, we affirm defendant's convictions and sentences on count 2 and 3. Further, we remand for clarification of defendant's multiple offender sentence imposed on count one, and for the correction of errors patent on the face of the record.

## PROCEDURAL HISTORY

On February 23, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Henry Ford, III, in count 1 with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1, in count 2 with resisting an officer with the use of violence, a violation of La. R.S. 14:108.2, and in count 3 with unauthorized entry of an inhabited dwelling, a violation of La. R.S. 14:62.3. On March 19, 2018, defendant pled not guilty to all counts. Defendant thereafter filed a "Motion to Declare Article 782(A) Unconstitutional Because It Allows for a Non-Unanimous Verdict In This Second Class Case;" however, the record does not reflect that the trial court ruled on defendant's motion. The matter proceeded to a jury trial on October 22, 2018, at the conclusion of which defendant was found guilty as charged on counts 1 and 2, and guilty of attempted unauthorized entry of an inhabited dwelling on count 3. On November 8, 2018, the trial court sentenced defendant to serve 20 years at hard labor without the benefit of parole, probation, or suspension of sentence on count one, three years at hard labor on count two, and three years at hard labor on count three, with all sentences to be served concurrently.

On December 11, 2018, the State filed a multiple offender bill of information, alleging that defendant was a second felony offender. Defendant filed

a motion for appeal[1] on December 27, 2018, that was granted on January 3, 2019. On May 9, 2019, following a hearing on the multiple offender bill, defendant was adjudicated a second felony offender.  At that time, the court vacated the original sentence for count 1, and resentenced defendant to a term of 20 years at hard labor without the benefit of parole, probation, or suspension of sentence. The enhanced sentence was ordered to run concurrently with the previously imposed sentences for counts 2 and 3.   Defendant objected to the sentence. On May 14, 2019, the trial court made a *nunc pro tunc* minute entry which indicated that defendant's sentence as a second felony offender was 25 years without the benefit of parole, probation, or suspension of sentence.

The instant appeal followed.

## FACTS

At trial, Commander Roma Reedom of the Jefferson Parish 911 Communications Division verified the report of an incident that occurred on January 1, 2018, at approximately six minutes after midnight. At that time, a caller who wished to remain anonymous reported that "she's heard five shots." At no point did the caller identify the shooter.

Jefferson Parish Deputy Kenneth Bonura testified that on January 1, 2018, he was assigned to the Second District, where he patrolled the Harvey, Gretna, and Terrytown areas. On that date, he was dispatched to the Woodmere neighborhood, after a complainant had reported multiple gunshots near an intersection.  After arriving in the area where the shots were reported, Deputy Bonura and Deputy Conner Tims parked on the corner of Morriswood Drive and Keith Way. Upon exiting the unit, Deputy Bonura heard approximately 10 gunshots. At that time,

---

[1] Defendant's motion for appeal was untimely as it relates to his underlying convictions and sentences, and premature as it relates to his multiple offender adjudication and sentence. In similar instances, this Court has considered such appeals in the interest of judicial economy and the avoidance of useless delay. *See State v. Jo*nes, 15-157 (La. App. 5 Cir. 9/23/15), 176 So.3d 713, 716.  Thus, we will consider the merits of defendant's appeal.

Deputy Bonura approached the corner of Dulaney Drive and Keith Way on foot and observed a parked vehicle. He also saw someone walking in front of the houses on Dulaney Drive toward Keith Way. Deputy Bonura called for backup.

While waiting for backup to arrive, Deputy Bonura saw the individual in front of the houses walk "out of sight" on Keith Way, and he also saw three people exit the parked vehicle and walk toward Dulaney Drive. Deputies Bonura and Tims approached the occupants of the vehicle to ask if they had information about the gunshots, at which time they informed the deputies that the gunshots were closer to the intersection of Keith Way and Dulaney Drive. A third deputy, Deputy Benjamin Blevins, arrived while Deputy Bonura was speaking to the occupants of the car. At that time, Deputies Bonura and Blevins saw the individual, who had previously walked away, return and walk close to the houses nearby. The individual glanced over at the deputies and pulled a black hoodie up halfway in front of his face, while holding his waistband with his left hand. The action of the "suspect" holding his waistband led Deputy Bonura to believe that the individual was holding a weapon. Deputies Bonura and Blevins asked the individual to come over and speak with them, but he refused to comply, and pulled his hood down further in front of his face. The deputies asked the suspect a second time to come speak with them and they began to take steps toward him. The suspect then ran behind a car and toward the front porch of the home located at 3840 Dulaney while holding his waistband.

The deputies gave the suspect verbal commands at that time to stop running and to show his hands. The suspect replied that he was trying to get home. Concerned that the suspect was armed and about to run into a house full of people, Deputy Bonura grabbed the suspect while he was making his way through the front door and brought him to the ground[2] to prevent him from gaining further access to

---

[2] Deputy Bonura testified that he sustained a knee injury during initial contact with defendant.

the home.[3]  During the struggle, Deputy Bonura tried to keep defendant's left arm pinned in order to prevent him from reaching his waistband.  Meanwhile, the guests at a New Year's Eve party in progress at the home started to approach the scene of the struggle between Deputy Bonura and defendant before Deputy Bonura gave a command to stay back.   The owner of the home[4] assisted in keeping the guests away from Deputy Bonura and defendant. While trying to place defendant in handcuffs, Deputy Bonura turned defendant over onto his back when he "heard a loud plank sound on the floor."  When Deputy Bonura looked over, he saw a black handgun, which Deputy Blevins immediately recovered.[5]  As Deputy Blevins secured the firearm, Deputy Jeffrey Easterby assisted Deputy Bonura in handcuffing defendant.  Defendant refused to stand up and had to be carried out to a police unit.

After the owner of the home located at 3840 Dulaney, Carroll Hills, indicated that he wished to press charges against defendant, Deputy Bonura arrested defendant and informed him of his *Miranda* rights. Defendant refused to provide deputies with his name, but his identity was learned after running defendant's fingerprints through an AFIS machine at the Jefferson Parish Correctional Center. Defendant's report indicated that he had prior felony convictions.

On cross examination Deputy Bonura testified that he never observed defendant firing a weapon, and he did not perform a gun residue test on defendant. To his knowledge, the recovered firearm was not tested for fingerprints.

Darnisha Gordon testified that in the early morning hours after midnight on New Year's Day, 2018, she was in a vehicle with her brother, Antonio Gordon,

---

[3] Deputy Bonura identified defendant in open court as the person he intercepted on that day.
[4] Deputy Bonura testified that it was later established that defendant did not live at the address where he was arrested.
[5] Jefferson Parish Sheriff's Office Deputy Peter Nguyen, a crime scene technician, testified that he collected the gun, a Glock semi-automatic pistol, as well as ten bullets, and logged them into evidence. He identified the weapon and bullets in court during direct examination.

and cousin, Alexus Greer, outside the home of her grandparents, Carroll and Ella Hills, who live on Dulaney. She recalled speaking with police that night after exiting the car before seeing "a bunch of cops" go into her grandparents' house.

Alexus Greer similarly testified that she was sitting in a car outside of her grandparent's home with her cousins in the early morning hours of New Year's Day, 2018 when she heard gunshots. She did not see who the shooter was, but she did see someone else walking on the street, who was wearing black pants and a black hoodie. When police asked the person to stop, he ran into Greer's grandparents' home and the police gave chase. Greer did not recall seeing defendant at the party earlier in the evening.

Carroll Hills testified that on New Year's Eve, 2018, there was a party at his home, located at 3840 Dulaney Drive. "Late in the night" his family was in the dining room eating crabs, when the front door opened and "a lot of police" came in and wrestled someone down on the living room floor. He had not given the person on the floor permission to be in his house.

Deputy Blevins' testimony was consistent with that of Deputy Bonura. He described how he heard a gun fall to the tile floor while defendant and Deputy Bonura were struggling inside of the Hills' home. At that time, Deputy Blevins grabbed the gun and alerted Deputy Bonura that he had secured it. Deputy Blevins identified defendant in open court as the individual that he assisted Deputy Bonura in detaining that evening.

Donna Quintanilla, a certified latent print examiner employed by the Jefferson Parish Sheriff's Office, was qualified as an expert in the field of fingerprint examination. She testified that she had taken the fingerprints of defendant in court the day before on an Ink 10 print card and marked the card with

her initials. She compared the fingerprints taken to those contained in the State's other exhibits, which included three certified conviction packets for defendant.[6]

## LAW AND ANALYSIS

Defendant raises three assignments of error on appeal: 1) The evidence was insufficient to uphold the conviction for possession of a firearm by a convicted felon; 2) The jury votes of 11 to 1 and 10 to 2 were unconstitutional; and 3) The revised minute entry from sentencing and corresponding commitment incorrectly indicate a 25 year sentence.

### *Sufficiency of the evidence*

The standard of review for determining the sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Both direct and circumstantial evidence must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. *State v. Harrell*, 01-841 (La. App. 5 Cir. 2/26/02), 811 So.2d 1015, 1019.

Under the *Jackson* standard, a review of a criminal conviction for sufficiency of evidence does not require the court to ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt, but rather whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution. *State v. Flores*, 10-651 (La. App. 5 Cir. 5/24/11), 66 So.3d 1118, 1122. When addressing the sufficiency of the evidence, consideration must be given to the entirety of the evidence, both admissible and inadmissible, to determine whether

---

[6] The Exhibits referred to by the State and introduced into evidence in connection with Quintanilla's testimony were 17, 18B, 19A and B, as well as 20A and B. The older fingerprint cards pertain to defendant's 2009 and 2011 convictions for possession of cocaine.

the evidence is sufficient to support the conviction. *State v. Hearold*, 603 So.2d 731, 734 (La. 1992).

In the instant case, defendant was convicted of being a felon in possession of a firearm, in violation of La. R.S. 14:95.1.  This Court has recognized that the crime of possession of a firearm by a convicted felon has three elements: 1) status of the defendant as a convicted felon; 2) physical and/or constructive possession by the defendant; and 3) the instrumentality possessed was a firearm. *State v. Hill*, 562 So.2d 12 (La. App. 5th Cir. 1990), *writ denied*, 567 So.2d 99 (La. 1990).  On appeal, defendant challenges only the element of possession.  Specifically, defendant argues that there was no testimony presented that anyone observed him with a weapon, and the State did not foreclose the possibility the gun found at the Hills' residence belonged to one of the guests at the New Year's Eve party.

As noted above, the testimony of Deputy Bonura was that, prior to entry into the Hills' residence, he saw defendant hold his waistband in a way that led Deputy Bonura to believe that defendant was holding a weapon.  Shortly thereafter, while attempting to handcuff defendant in a room away from people at the party, Deputy Bonura heard the sound of something hit the floor and then saw a black handgun in the immediate vicinity of defendant.  Deputy Blevins also testified that he heard a gun fall to the tile floor while defendant and Deputy Bonura were struggling inside of the Hills' home, and immediately took the gun out of defendant's reach.  The jury apparently found the deputies' testimony to be credible, and a reviewing court may impinge on the fact finder's discretion only to the extent necessary to guarantee the fundamental protection of due process of law. *State v. Mussall*, 523 So.2d 1305, 1310 (La.1988).  In addition, defendant produced no evidence to prove that the gun belonged to the Hills or one of their party guests. We therefore find that the evidence presented by the State was sufficient to prove that defendant was

in fact in possession of the weapon and that this possession was enough to sustain a conviction on the charge of a felon in possession of a firearm.

***Non-unanimous jury verdict was unconstitutional***

As noted in the procedural history of this matter, defendant's "Motion to Declare Article 782(A) Unconstitutional Because It Allows for a Non-Unanimous Verdict In This Second Class Case" was never ruled upon by the trial court. In addition, the record indicates that defendant failed to serve or otherwise notify the attorney general regarding the motion challenging the constitutionality of La. C.Cr.P. art. 782(A). In *State v. Veal*, 11-44 (La. App. 5 Cir. 12/28/11), 83 So.3d 211, 213–14, *writ denied*, 12-2373 (La. 4/5/13), 110 So.3d 1072, this Court declined to address the merits of a similar assignment of error because defendant did not serve the attorney general with his motion challenging the constitutionality of the statute. Due to the absence of a trial court ruling and the failure to properly serve the attorney general, defendant is not entitled to review by this Court.[7] *State v. Bravo*, 16-562 (La. App. 5 Cir. 4/12/17), 219 So.3d 1213, 1220.

***The sentencing minute entry/commitment is incorrect.***

In his last assignment of error, defendant contends that while the trial court sentenced him to 20 years as a second felony offender, both the amended minute entry and the commitment incorrectly reflect that he was sentenced to 25 years.

The May 9, 2019 transcript from defendant's sentencing as a multiple offender, pursuant to La. R.S. 15:529.1, as well as the corresponding minute entry and commitment, all indicate that the trial court sentenced defendant to 20 years at hard labor without benefit of probation, parole, or suspension of sentence. For reasons unclear in the record, however, on May 14, 2019, the trial court made a

---

[7] Even if this issue was properly before us on appellate review, the Louisiana Supreme Court and this Court have long held that non-unanimous jury verdicts for twelve-person juries are not unconstitutional in non-capital cases. *State v. Edwards*, 420 So.2d 663, 674 (La. 1982); *State v. Bertrand*, 08-2215 (La. 3/17/09), 6 So.3d 738, 743.

*nunc pro tunc* minute entry which indicated that defendant's sentence as a second felony offender was 25 years without the benefit of parole, probation, or suspension of sentence.   Similarly, an amended uniform commitment order ("UCO") dated May 14, 2019, reflected that defendant had received an enhanced sentence of 25 years.

Under *State v. Lynch*, 441 So.2d 732, 734 (La. 1983), when there is a discrepancy between the transcript and the commitment, the transcript generally prevails. However, given the unusual circumstances presented by the *nunc pro tunc* minute entry, we find that a remand is appropriate for clarification on the issue of defendant's multiple offender sentence imposed on count one.

## ERROR PATENT REVIEW

We have reviewed the record for errors patent according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La.1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990).  We note the following, which require correction.

There are discrepancies with respect to the original UCO, as amended on January 9, 2019, and the May 14, 2019 amended multiple offender UCO. Specifically, on the January 9, 2019 UCO, the disposition date incorrectly provides that the date of the disposition of this matter was November 8, 2018, when it was on October 23, 2018. Also, on the May 14, 2019 multiple offender UCO, the date defendant's original sentence was vacated is not provided. Accordingly, we remand the matter for correction of these noted errors and direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO and multiple offender UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. *See State v. Doucet*, 17-200 (La. App. 5 Cir. 12/27/17), 237 So.3d 598, *writs denied*, 18-77 (La. 10/8/18), 253 So.3d 789 and 18-196 (La. 11/5/18), 255 So.3d 1052, *cert. denied*, -- U.S. --, 139 S.Ct. 2676, 204 L.Ed.2d 1079 (2019).

## CONCLUSION

For the reasons stated above, we affirm defendant's convictions and sentences on counts two and three and remand for clarification of defendant's multiple offender sentence imposed on count one, and for the correction of errors patent on the face of the record.

**<u>CONVICTIONS AFFIRMED;</u>**
**<u>REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 26, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 19-KA-242

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
TERRY M. BOUDREAUX (APPELLEE)          HOLLI A. HERRLE-CASTILLO          COLIN CLARK (APPELLEE)
ANDREA F. LONG (APPELLEE)              (APPELLANT)                       GRANT L. WILLIS (APPELLEE)
THOMAS J. BUTLER (APPELLEE)            J. TAYLOR GRAY (APPELLEE)

**MAILED**
HON. JEFFREY M. LANDRY (APPELLEE)      HON. PAUL D. CONNICK, JR. (APPELLEE)
ATTORNEY GENERAL                       MATTHEW WHITWORTH (APPELLEE)
LOUISIANA DEPARTMENT OF JUSTICE        BRITTANY BECKNER (APPELLEE)
1885 NORTH 3RD STREET                  ASSISTANT DISTRICT ATTORNEYS
6TH FLOOR, LIVINGSTON BUILDING         TWENTY-FOURTH JUDICIAL DISTRICT
BATON ROUGE, LA 70802                  200 DERBIGNY STREET
                                       GRETNA, LA 70053