985 So.2d 234 (2008)
STATE of Louisiana
v.
Joseph H. JONES.
No. 08-KA-20.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 2008.
*237 Paul D. Connick, Jr., District Attorney Twenty-Fourth Judicial District Parish of Jefferson, Terry M. Boudreaux, Shannon K. Swain Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Margaret S. Sollars, Attorney at Law Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellant.
*238 Panel composed of Judges EDWARD A. DUFRESNE JR., THOMAS F. DALEY, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
The defendant, Joseph H. Jones, was convicted of one count of possession of marijuana, 2nd offense[1], and one count of possession of cocaine[2], and was sentenced to five years at hard labor on each count, to be served concurrently. The State filed a multiple bill, and after the defendant admitted to the allegations therein, the trial court adjudicated the defendant a fourth felony offender. The trial court vacated the sentence on count one and resentenced the defendant to 20 years at hard labor without benefit of probation or suspension of sentence, concurrent with the sentence on count two. The defendant takes this timely appeal.
The following facts were adduced at trial. Detective Chad Peterson of the Kenner Police Department's Narcotics Section testified that he participated in the arrest of the defendant, whom he identified in court, on August 11, 2006. Detective Peterson testified that he executed a search warrant that he obtained for 3136 Dawson Street in connection with the defendant. The search warrant covered anything on the premises, the house, the two trailers in front, the vehicles, and anything within the residence. When Detective Peterson initially arrived to execute the search warrant there was a Chevy pickup truck on the premises that was registered to the defendant. Detective Peterson recognized the defendant and observed the defendant hurriedly exit his residence, the trailer closest to the canal bank. After the defendant ran out of his trailer, he drove away alone. Detective Peterson notified his partner, Officer Louis Linn, of the vehicle's departure. Detective Peterson told Officer Linn that the vehicle needed to be stopped in order to prevent the possibility of evidence being removed from the residence.
Officer Linn testified that, on August 11, 2006, he was told by Detective Peterson to follow a 1992 green Chevy pickup truck. Officer Linn testified that he stopped the defendant with his lights and sirens on, in the 400 block of 31st Street, less than half a mile from the residence. When Officer Linn approached the defendant's vehicle, he observed the defendant, whom he immediately recognized from a picture he received in a briefing naming the defendant as the target of the search warrant issued for 3136 Dawson Street. Officer Linn confirmed the defendant's identity and then ordered the defendant to exit the vehicle. Defendant's safety pat down for weapons revealed nothing dangerous.
At some point, Officer Linn moved the defendant's vehicle approximately ten feet, because it was obstructing the Sams' Club driveway. Officer Linn admitted that he did not see any narcotics when he moved the defendant's vehicle. He testified that he did not search the defendant's vehicle at that time. Rather, Officer Linn did a safety check from outside the vehicle for anything that would harm his partner, a narcotics detective dog named K-9 Pimm. Officer Linn testified his narcotics dog normally finds things that he cannot see.
Officer Linn performed a narcotics search of the defendant's vehicle with K-9 Pimm. In an exterior search of the defendant's vehicle, K-9 Pimm twice alerted to the open driver's door window. In a sweep of the interior of the defendant's vehicle, Officer Linn observed K-9 Pimm immediately "on the odor" when K-9 *239 Pimm started scratching the steering wheel. According to Officer Linn, K-9 Pimm scratches to alert to an odor of narcotics. As K-9 Pimm was scratching at the steering wheel, the horn cover popped off. Officer Linn observed in plain view two clear plastic bags inside a hole in the steering wheel. One of the bags contained a green vegetable matter and the other bag contained several off-white rock-like substances. According to Officer Linn, the steering wheel in the defendants' car has a horn cover, an easily removable round rubber plug, instead of an air bag. Also found was a cell phone when the defendant was searched.
According to Detective Peterson, he received two clear plastic bags and a cell phone found in the search from Officer Linn. One of the bags contained ten off-white rocks, and the other bag contained green vegetable matter.
In a search of the defendant's trailer, officers found mail addressed to the defendant and a shoebox on top of the kitchen table containing loose green vegetable matter that Detective Peterson described as marijuana. Detective Peterson also found a sealed can of Pringles chips with a false bottom, which could unscrew to provide a place to hide contraband or weapons. According to Detective Peterson, when he unscrewed the Pringles can he found very fine green vegetable matter that he opined to be marijuana, although it could not be tested. No contraband was found in a search of the other trailer on the premises occupied by the defendant's mother.
The Jefferson Parish Sheriff's Office identified the green vegetable matter as marijuana and the off-white rock-like substances contained in the clear plastic bag as containing cocaine.
Mary Jones, the defendant's mother, testified that, post-Katrina, she lives in one of trailers located at 3136 Dawson Street in Kenner, Louisiana. The defendant lived in the other trailer. After learning of the defendant's arrest, Ms. Jones left church and returned to the trailer. Ms. Jones testified that when she previously went into the defendant's trailer she did not see marijuana.
According to Ms. Jones, Joseph Lewis, a neighbor from Lincoln Manor, also resided on the premises and received mail there. Ms. Jones described Lewis as heavy with a lot of hair on his head, in an afro-style. Lewis did not have facial hair, i.e., a beard or a mustache, like the defendant did at the time of his arrest.
On rebuttal, Detective Peterson testified that he was familiar with Lewis because Lewis was a known wanted subject in previous investigations. According to Detective Peterson, Lewis was not a target of the search warrant. However, Detective Peterson arrested Lewis on an outstanding warrant.
In addition, Ms. Jones testified that the defendant owned a Chevrolet pickup truck that he bought after Hurricane Katrina from Mr. Jackson, who was subsequently imprisoned on a drug conviction. After the truck broke down, it took the defendant a long time to get the truck repaired. According to Ms. Jones, the defendant had only been driving the truck 2 or 3 months after it was repaired before he was arrested. Ms. Jones claimed that she could not respond affirmatively when asked if the drugs in the trailer belonged to Lewis, because Lewis was "in and out of the trailer." Ms. Jones also admitted that there was "a lot of foot traffic" associated with the defendant's trailer.
To prove that the defendant had a prior conviction for possession of marijuana, the state introduced the testimony of Lieutenant Luis Munguia, an expert in the field of *240 comparison, analysis, and examination of fingerprints for the Jefferson Parish Sheriff's Office. He testified that he compared the fingerprints he personally took of the defendant to the fingerprints, attached to a March 19, 2002 bill of information, that were taken after the defendant's prior conviction for possession with intent to distribute marijuana, and found that the fingerprints matched.
In this appeal, defendant alleges that the trial court erred in failing to grant a mistrial and that the State failed to eliminate all reasonable hypotheses of innocence. When issues are raised on appeal as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. When the entirety of the evidence, including evidence that was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any issues regarding trial errors become moot. State v. Hearold, 603 So.2d 731, 734 (La.1992); State v. Taylor, 04-346, p. 4 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 592.
In his allegation of error, the defendant argues that the State failed to prove the elements necessary to convict him of the charged offenses. The defendant claims that the State failed to prove that he had guilty knowledge and to eliminate every reasonable hypothesis of innocence using only circumstantial evidence.
The constitutional standard of review for determining the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude the State proved the essential elements of the crime beyond a reasonable doubt. State v. Brown, 03-581, p. 9 (La.App. 5 Cir. 11/12/03), 861 So.2d 644, 650-51, writ denied, 03-3407 (La.4/2/04), 869 So.2d 875 and 04-49 (La.4/2/04), 869 So.2d 877, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the Jackson standard, a review of a criminal conviction record for sufficiency of evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Cho, 02-274, p. 10 (La. App. 5 Cir. 10/29/02), 831 So.2d 433, 442, writ denied, 02-2874 (La.4/4/03), 840 So.2d 1213. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. Id.
The credibility of witnesses presenting conflicting testimony on factual matters is within the sound discretion of the trier of fact. State v. Lee, 03-901, p. 9 (La.App. 5 Cir. 12/9/03), 864 So.2d 654, 660. The trier of fact shall evaluate the witnesses' credibility, and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness. State v. Rivers, 01-1251, p. 6 (La.App. 5 Cir. 4/10/02), 817 So.2d 216, 219, writ denied, 02-1156 (La.11/22/02), 829 So.2d 1035. It is not the function of the appellate court to second-guess the credibility of witnesses as determined by the trier of fact or to reweigh the evidence absent impingement on the fundamental due process of law. State v. King, 06-554, p. 9 (La.App. 5 Cir. 1/16/07), 951 So.2d 384, 391, writ denied, 07-0371 (La.5/4/07), 956 So.2d 600.
The evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Brown, 03-581 at 9, 861 So.2d at 651. When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 provides that "assuming every *241 fact to be proved that the [circumstantial] evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." Id. It is not a separate test from the Jackson standard; rather it provides a helpful basis for determining the existence of reasonable doubt. Id. Both the direct and circumstantial evidence must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. Id. The reviewing court "does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events" but rather must evaluate the evidence in a light most favorable to the State and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Washington, 03-1135, p. 4 (La.App. 5 Cir. 1/27/04), 866 So.2d 973, 977.
In order to support a conviction of second offense possession of marijuana, the State must prove that the defendant was in possession of marijuana, that the defendant knowingly possessed it, and that he had a prior conviction for possession of marijuana. LSA-R.S. 40:966(C); LSA-R.S. 40:966(E)(2); State v. Proctor, 04-1114 (La.App. 5 Cir. 3/29/05), 901 So.2d 477, 482. In order to support a conviction of possession of cocaine, the State must prove that the defendant was in possession of the cocaine and that the defendant knowingly possessed it. LSA-R.S. 40:967(C); State v. Wright, 05-477, p. 5 (La.App. 5 Cir. 12/27/05), 920 So.2d 871, 874-75, writ denied, 06-1141 (La.2/16/07), 949 So.2d 404.
Guilty knowledge is an essential element of the crime of possession of contraband. Since guilty knowledge is a state of mind, it need not be proven as fact, but may be inferred from the circumstances. State v. Proctor, 04-1114 at 6, 901 So.2d at 482.
The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the drugs. Id. A person not in physical possession of the drug is considered to be in constructive possession of a drug, even though it is not in his physical custody, when the drug is under that person's dominion and control. Id.; State v. Wright, 05-477 at 5, 920 So.2d at 874-75.
The mere presence of the defendant in the area where a controlled dangerous substance is found is insufficient to constitute constructive possession. However, proximity to the drug may establish a prima facie case of possession when colored by other evidence. Id. The factors to be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession include: (1) the defendant's knowledge that illegal drugs were in the area, (2) the defendant's relations with the person found to be in actual possession, (3) the defendant's access to the area where the drugs were found, (4) evidence of recent drug use by the defendant, (5) the existence of paraphernalia, and, (6) evidence that the area was frequented by drug users. State v. Proctor, 04-1114 at 7, 901 So.2d at 482. The driver of a vehicle is considered to necessarily have dominion and control over the vehicle. See State v. Wright, 05-477 at 5, 920 So.2d at 875. When the driver of the vehicle is also the sole occupant, it is presumed the driver had dominion and control over the contents of the vehicle, including the cocaine and marijuana that were within the driver's reach while he was driving the vehicle. See Id.
In the present case, the State proved through the testimony of Detective Peterson *242 that the defendant lived in the trailer and owned the truck where the drugs were found. The shoebox containing marijuana was found on the defendant's kitchen table next to mail addressed to the defendant at that address. The plastic bags containing marijuana and cocaine were found by Officer Linn in the truck owned and driven by the defendant, the only occupant. The defendant exercised dominion and control over the marijuana and cocaine sufficient to constitute constructive possession, therefore his guilty knowledge can be inferred from the circumstances. See State v. Wright, supra.
Furthermore, the state proved that the defendant had a prior conviction for possession with intent to distribute marijuana. Based upon the evidence presented at trial, we conclude that the jury could have found that the State proved the defendant guilty of the charged offenses beyond a reasonable doubt. Accordingly, this allegation of error lacks merit.
The defendant also alleges that the trial court erred by not granting a mistrial when other crimes evidence was introduced and the prosecutor made an impermissible reference to him not testifying.
Other crimes evidence:
The defendant argues that the trial court erred in denying his motion for a mistrial after Detective Peterson testified that Jones told him that if her son was selling drugs he deserved the consequences. The defendant asserts that nothing in the charged offenses suggested that the defendant distributed the drugs. The defendant claims that Detective Peterson's testimony was elicited to portray him as a person of criminal character who was engaged in the distribution of drugs, a more serious crime. The defendant claims that this testimony denied him a fair trial. The defendant notes that there was no Prieur[3] hearing that showed the evidence was genuinely at issue, there was no clear and convincing standard used to test the validity of its evidentiary value, and the probative value of the evidence was outweighed by its prejudicial impact on the jury. The defendant claims that the other crimes evidence was not relevant because it had no bearing on the issues of intent or guilty knowledge.
On rebuttal testimony, Detective Peterson testified that he presented Jones with a search warrant for her residence and the defendant's trailer. According to Detective Peterson, when he told Jones what he found during a search of the defendant's house and vehicle, she responded, "if her son was selling drugs, he deserved everything he got." The defense objected and moved for a mistrial, alleging that the statement was prejudicial and not relevant based on the offense with which the defendant was charged, and that it was the state's attempt to introduce other crimes evidence of distribution of drugs with which defendant had not been charged. The State claimed that Detective Peterson's statement was meant to rebut Jones' assertion during direct examination that she had not made that particular statement to the police.
LSA-C.E. art. 404(B)(1) states in pertinent part:
[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a *243 criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
Evidence of criminal offenses other than the offense being tried is generally inadmissible as substantive evidence, because of the substantial risk of prejudice to the defendant. State v. Hills, 99-1750 (La.5/16/00), 761 So.2d 516, 520-21. This avoids the unfair inference that a defendant committed the crime charged simply because he is a person of bad character. Id.
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the . . . district attorney, or a court official, during the trial or in argument, refers directly or indirectly to . . . [a]nother crime . . . alleged to have been committed by the defendant as to which evidence is not admissible[.]" LSA-C.Cr.P. art. 770(2). See State v. Anderson, 02-273, p. 5 (La.App. 5 Cir. 7/30/02), 824 So.2d 517, 521, writ denied, 02-2519 (La.6/27/03), 847 So.2d 1254.
A police officer is not considered a "court official" within the meaning of LSA-C.Cr.P. art. 770. State v. Tuckson, 00-1408, p. 12 (La.App. 5 Cir. 2/28/01), 781 So.2d 807, 814. However, an impermissible reference to another crime deliberately elicited by the prosecutor is imputable to the State and, therefore, triggers the rule mandating the provisions of LSA-C.Cr.P. art. 770. State v. Jones, 00-162, p. 5 (La.App. 5 Cir. 7/25/00), 767 So.2d 862, 866, writ denied, 00-2484 (La.6/22/01), 794 So.2d 783.
A mistrial is a drastic remedy. State v. Black, 03-911, p. 7 (La.App. 5 Cir. 12/30/03), 864 So.2d 836, 841. It is only warranted under LSA-C.Cr.P. art. 770 when a remark or comment referencing the defendant's commission of other crimes results in prejudice to the defendant's substantial rights sufficient to undermine the fairness of the trial. Id.; LSA-C.Cr.P. art. 771. An exception to LSA-C.Cr.P. art. 770's rule requiring a mistrial is made if the evidence is substantially relevant to some purpose other than to show that the defendant is a bad person and, therefore, more likely to have committed the crime. State v. Black, 03-911 at 8, 864 So.2d at 841. The trial judge must balance the pertinent factors to determine whether the probative value of the evidence is outweighed by its prejudicial effect. Id. The determination of prejudice and the ruling on a mistrial is within the sound discretion of the trial court. State v. Black, 03-911 at 8, 864 So.2d at 841. This Court has found that LSA-C.Cr.P. art. 770 is not applicable unless the inference clearly constitutes a comment on other crimes committed or alleged to have been committed by the defendant. State v. Sprinkle, 01-137, p. 21 (La.App. 5 Cir. 10/17/01), 801 So.2d 1131, 1144, writ denied, 01-3062 (La.10/25/02), 827 So.2d 1174, and cert. denied, 537 U.S. 1235, 123 S.Ct. 1358, 155 L.Ed.2d 200 (2003).
"Rebuttal evidence is that which explains, repels, disproves or counteracts." State v. Tilley, 99-569, p. 20 (La.7/6/00), 767 So.2d 6, 23, cert. denied, 532 U.S. 959, 121 S.Ct. 1488, 149 L.Ed.2d 375 (2001). "Contradiction is one means of rebutting testimony of a witness." Id. The notice requirements of State v. Prieur do not apply to other crimes evidence offered on rebuttal. State v. Parent, 02-835, p. 16 (La.App. 5 Cir. 12/30/02), 836 So.2d 494, 505, writ denied, 03-0491 *244 (La.10/31/03), 857 So.2d 472. The determination of whether the evidence is rebuttal evidence and, therefore, admissible is an issue that is addressed to the sound discretion of the trial court. State v. Tilley, 99-0569 at 19, 767 So.2d at 23.
In the present case, the State questioned Detective Peterson on rebuttal about Jones' statement. In her testimony, Jones denied telling the police that the defendant should be arrested, if he had drugs in his trailer. It appears that the State elicited the testimony of Detective Peterson in order to impeach Jones and to rebut specific issues of fact raised during Jones' testimony that were not objected to by the defense. Detective Peterson's testimony was offered to counteract Jones' testimony which suggested that she had not spoken to the police, that she had not told Detective Peterson that her son deserved the consequences if he had drugs in his trailer, and that she had never seen marijuana in the defendant's trailer. In addition, the testimony elicited from Detective Peterson showed an absence of mistake, which was suggested by the defense, i.e., the drugs found belonged to Lewis or Johnson.
Assuming arguendo that the statement was improperly admitted, we find no reason to overturn the guilty verdict. The introduction of inadmissible other crimes evidence is subject to a harmless error analysis. State v. LaGarde, 07-288, p. 9 (La.App. 5 Cir. 10/30/07), 970 So.2d 1111, 1123. "An error is harmless when the verdict is `surely unattributable to the error.'" Id. On appeal, an improper reference to other crimes evidence is subject to the harmless error rule, i.e., whether the verdict actually rendered in the case was surely unattributable to the error. State v. Nelson, 02-65, p. 11 (La.App. 5 Cir. 6/26/02), 822 So.2d 796, 804, writ denied, 02-2090 (La.2/21/03), 837 So.2d 627.
Here, the State presented overwhelming evidence of the defendant's guilt and, therefore, the guilty verdict was surely unattributable to the statement made by Detective Peterson that might have alluded to another crime allegedly committed by the defendant.
Defendant's right not to testify:
The defendant argues that the trial court erred in denying his motion for mistrial after the district attorney made an impermissible reference to his failure to testify. The defendant claims that the district attorney suggested that the defendant let Jones testify in his place.
During closing statements, the district attorney stated, "And I want you to ask yourself, what kind of man he is [sic], sit here an [sic] listen to his mother have to take the stand for him. He's a man. He's a man, even in his trailer he's got drugs." After which, the defense attorney objected claiming that it was a reference to the defendant not taking the stand in his defense. The district attorney denied having made such a reference. The trial judge found that the State had just made a reference to Jones testifying on behalf of the defendant.
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the . . . district attorney . . . in argument, refers directly or indirectly to . . . [t]he failure of the defendant to testify in his own defense[.]" LSA-C.Cr.P. art. 770(3). The granting of a mistrial based on the State's direct or indirect reference to the defendant's failure to testify in his own defense is a prohibition that was established to safeguard the defendant's Fifth Amendment right against self-incrimination. State v. Mims, 00-1507, p. 3 (La.App. 5 Cir. 12/26/01), 806 So.2d 760, 764, writ denied, 02-0466 (La.2/7/03), 836 *245 So.2d 88. Generally, LSA-C.Cr.P. art. 770(3) bans both direct and indirect references to the defendant's failure to testify. State v. Blank, 04-204, p. 19 (La.4/11/07), 955 So.2d 90, 140, cert. denied, ___ U.S. ___, 128 S.Ct. 494, 169 L.Ed.2d 346. When a direct reference is made by the State regarding the defendant's failure to take the stand, a mistrial should be declared regardless of whether the State intended for the jury to draw unfavorable inferences from the defendant's silence. State v. Mims, 00-1507 at 3, 806 So.2d at 764. However, when the State makes an indirect reference to the defendant's failure to testify, the trial court must determine whether the remark's intended effect on the jury was an impermissible reference to the defendant's failure to testify or a permissible reference in a general statement that the State's case was unrebutted. Id. Therefore, an indirect reference only requires a mistrial if the comment was intended to draw the jury's attention to the defendant's failure to testify. State v. Lai, 04-1053, p. 15 (La.App. 5 Cir. 4/26/05), 902 So.2d 550, 560, writ denied, 05-1681 (La.2/3/06), 922 So.2d 1175. "In order to support the granting of a mistrial, the inference must be plain that the remark was intended to focus the jury's attention on the defendant's failure to testify." State v. Mims, 00-1507 at 4, 806 So.2d at 764.
In the present case, it appears that the district attorney was just referring to Ms. Jones' testimony. Earlier in the State's closing argument, the district attorney referred to Detective Peterson's rebuttal testimony. The district attorney stated that when Jones spoke to Detective Peterson she said, "[t]he right thing, she knew what had happened, and you've got to suffer the consequences. If you do something illegal, you've got to suffer the consequences." The district attorney characterized Jones' statement to Detective Peterson as an acknowledgement of Jones' awareness of the defendant's illegal activity. In the closing argument, in which the district attorney had just reviewed Detective Peterson's rebuttal testimony about Jones' statement, it appears that the district attorney was just noting inaccuracies in Jones' trial testimony that favored the defendant. Therefore, it appears that the district attorney's remark did not refer to the lack of the defendant's testimony nor was it made to focus the jury's attention on the defendant's failure to testify.
Again, assuming that the comments made by the district attorney's remark was an impermissible indirect reference, which focused the jury's attention on the defendant's failure to testify, that error would not result in reversal of the defendant's conviction, as it too is subject to a harmless error analysis.
Harmless error occurs when the guilty verdict actually rendered in the trial was surely unattributable to the error. State v. Norman, 99-600, p. 9 (La.App. 5 Cir. 2/16/00), 756 So.2d 525, 530, writ denied, 00-971 (La.3/23/01), 787 So.2d 1007. "Comment on the defendant's failure to take the stand at trial is a trial error, not a structural defect in the proceedings, that has been subject to harmless-error analysis at the federal level since Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)." State v. Thomas, 05-2373, p. 1 (La.4/17/06), 926 So.2d 490, 491 (per curiam). Therefore, an appellate court should not reverse a conviction due to improper remarks during a closing argument unless it is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Jackson, 04-293, pp. 5-6 (La.App. 5 Cir. 7/27/04), 880 So.2d 69, 73, writ denied, 05-0232 (La.5/6/05), 901 So.2d 1094. In making its determination, the appellate court *246 should give credit to the good sense and fairmindedness of the jury that has seen the evidence and heard the argument, and has been instructed that the arguments of counsel are not evidence. State v. Jackson, 04-293 at 6, 880 So.2d at 73; State v. Lai, 04-1053 at 13, 902 So.2d at 559.
In this case, the State presented evidence through its witnesses that the defendant knowingly possessed both the marijuana and cocaine recovered in a search of his trailer and truck. The guilty verdict appears unattributable to the error, but rather based upon evidence that the defendant was guilty of the charged offenses. We find the defendant's allegation of error to be without merit.
We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none which warrant our attention.
For the above discussed reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] A violation of LSA-R.S. 40:966(C).
[2] A violation of LSA-R.S. 40:967(C).
[3] State v. Prieur, 277 So.2d 126 (La.1973).