SUSAN M. CHEHARDY, Judge.
|2On appeal, defendant challenges his conviction for attempted possession of cocaine. For the following reasons, we affirm his conviction and sentence.

Facts and Procedural History

In the early morning hours of July 6, 2008, Officer Sidney Gonzales of the Gret-na Police Department was on patrol. As part of his watch, Officer Gonzales conducted a routine check of Cristal’s Bar, which is in the 1100 block of Stumpf Boulevard, at 1:07 a.m. When the officer first entered the bar, he checked with the bartenders, then observed the patrons, and, finally, checked the men’s restroom. Officer Gonzales checked the men’s bathroom in this particular establishment because previous patrols had discovered patrons that were fighting, unconscious, or consuming narcotics.
As soon as Officer Gonzales entered the restroom, he observed two men standing within a foot of each other. The first man held, in his cupped hands, an open clear plastic bag containing a white substance, while the second man had his nose “buried in the bag” “sucking the white powder substance into his nose.” Officer Gonzales thought that the white powder was cocaine so he approached the 13two men, seized the bag, and detained both. The individual sniffing the white substance was identified as Jose Maldonado, defendant herein.
Both men denied ownership of the substance in the plastic bag. The substance in the bag field tested positive for cocaine.[1] After the positive field test, defendant and Carlos Fernandez were placed under arrest for possession of cocaine and were advised of their rights.
On January 20, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jose Maldonado, with possession of cocaine, in violation of La. R.S. 40:967(C). On October 12, 2011, trial of the matter was held, after which a six-person jury found defendant guilty of attempted possession of cocaine. On No *1099 vember 8, 2011, the trial court sentenced defendant to one year at hard labor. On November 14, 2011, the trial court granted defendant’s motion for appeal. This appeal follows.

Law and Argument

On appeal, defendant raises two assignments of error: first, the State failed to present sufficient evidence to uphold the relevant conviction and sentence and second, the trial court erred in charging the jury by re-reading only a portion of the jury charge concerning reasonable doubt.
In defendant’s first assignment of error, he argues that the evidence was insufficient to support a conviction for attempted possession of cocaine. He contends that the State failed to prove that defendant intentionally and knowingly attempted to possess cocaine. The State responds that the evidence was sufficient to support the offense charged, and was thereby sufficient to support the responsive verdict of attempted possession of cocaine.
|4In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 807, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-0674 (La.6/29/01); 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Mickel, 09-953 (La.App. 5 Cir. 5/11/10); 41 So.3d 532, 534, writ denied, 10-1357 (La.1/7/11); 52 So.3d 885. Under the Jackson standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Jones, 08-20 (La.App. 5 Cir. 4/15/08); 985 So.2d 234, 240. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. Id.
In the present case, defendant was charged with possession of cocaine, in violation of La. R.S. 40:967(C), and was found guilty of the responsive verdict of attempted possession of cocaine. In order to support a conviction for possession of cocaine pursuant to La. R.S. 40:967, the State must prove beyond a reasonable doubt that the defendant was in possession of the cocaine and that he knowingly possessed it. State v. Robinson, 11-12 (La.App. 5 Cir. 12/29/11); 87 So.3d 881, 893, writ denied, 12-279 (La.6/15/12); 90 So.3d 1059.
Evidence which would support a conviction of a charged offense would necessarily support a conviction for a lesser included offense. State v. Young, 05—702 (La.App. 5 Cir. 2/14/06); 938 So.2d 90, 95. Attempted[2] possession of cocaine is a less *1100 er included offense of possession of cocaine. Id. at 93. To prove attempted possession of a controlled dangerous substance, the State must show that the defendant committed an act tending directly toward gaining possession of the substance. Young, 938 So.2d at 95. While possession of cocaine is a general intent crime, an attempt requires specific intent. Id. Specific criminal intent exists “when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” La. R.S. 14:10(1). Specific intent may be inferred from the circumstances surrounding the offense and the conduct of the defendant. Young, 938 So.2d at 95. The fact-finder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. Id.
The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the substance. State v. Lewis, 04-1074 (La.App. 5 Cir. 10/6/05); 916 So.2d 294, 299, writ denied, 05-2382 (La.3/31/06); 925 So.2d 1257. Here, Officer Gonzales testified that he observed defendant “sucking the white powder substance into his nose,” which could be construed as actual possession of cocaine if the defendant ingested said powder.
Nevertheless, to establish attempted possession of a controlled dangerous substance, the State must show that the defendant committed an act tending directly toward gaining possession of the substance. Here, the State presented testimony that Officer Gonzales observed defendant “sucking the white powder | (¡substance into his nose,” which is sufficient to prove that defendant committed an act tending directly toward gaining possession of the substance in question. Accordingly, viewing this evidence in the light most favorable to the prosecution, we find that any rational trier of fact would have found defendant guilty beyond reasonable doubt of attempted possession of cocaine. This assignment of error lacks merit.
In his second assignment of error, defendant argues that the trial court erred in failing to give the entire charge as to reasonable doubt when the jury requested the definition of reasonable doubt. The State responds that defendant did not offer any legal support for this claim.
When charging the jury, the trial court offered the following regarding reasonable doubt:
Reasonable doubt. A person accused of a crime is presumed by law to be innocent until each element of the crime necessary to constitutive] his guilt is proven beyond a reasonable doubt.
This doubt must be a reasonable one, that is one found upon a real, tangible, substantial basis and not upon caprice, fancy, or conjecture. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.
It is the duty of this jury if not convinced of the guilt of the defendant beyond a reasonable doubt to find him not guilty.
If you have a reasonable doubt as to a particular grade of the offense charged, you must find the defendant not guilty of that grade. If you are convinced beyond a reasonable doubt that the defendant is guilty of some other grade of the offense you must find him guilty of that grade of the offense. If you’re not convinced beyond a reasonable doubt that the defendant is guilty of any grade of the offense charged you must find him not guilty.
*1101 In response to the jury’s request for a definition of reasonable doubt, the trial court, over the defense’s objection, informed the jury as follows:
A person accused of [a] crime is presumed by law to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt.
|7This doubt must be a reasonable one, that is one found upon a real, tangible, substantial basis and not mere caprice, fancy or conjecture.
Proof beyond a reasonable doubt therefore is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. Would you like that re-read to you?
One more time. A person accused of a crime is presumed by law to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt.
This doubt must be a reasonable one, that is found upon a real, tangible, substantial basis and not mere caprice, fancy or conjecture.
Proof beyond a reasonable doubt therefore is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.
La.C.Cr.P. art. 804(A) states in pertinent part that “the court may, but is not required to, define ... ‘reasonable doubt’ or give any other or further charge upon the same than that contained in this article.” A jury instruction is not incorrect when, taken as a whole, a reasonable person of ordinary intelligence would have no problem understanding the definition of reasonable doubt. State v. Holt, 08-1276 (La.App. 5 Cir. 5/26/09); 12 So.3d 502, 509, writ denied, 09-1681 (La.3/26/10); 29 So.3d 1249.
When considering an allegedly improper jury instruction, a reviewing court must determine whether it is “reasonably likely” that the jury applied the challenged instruction in an unconstitutional manner, not whether it is possible that the jury misapplied the instruction. Id. at 509-10. In determining whether it is reasonably likely that the jurors misapplied the instruction in an unconstitutional manner, the challenged terms are considered in relation to the instruction as a whole. Id. A conviction will not be reversed on the grounds of an erroneous jury instruction unless the disputed portion, when considered in connection with the remainder of the instruction, is erroneous and prejudicial. Id.
In Holt, supra, defendant challenged the jury instruction on “reasonable doubt,” which read:
IsA person accused of a crime is presumed by law to be innocent until each element of the crime, necessary to constitute his guilt, is proven beyond a reasonable doubt. This doubt must be a reasonable one, that is, one found upon a real, tangible, substantial basis and not upon mere caprice, fancy or conjecture. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. It is the duty of this jury if not convinced of the guilt of the defendant beyond a reasonable doubt, to find him not guilty.
Holt, 12 So.3d at 509. This Court, noting that we had previously found an almost identical instruction was not erroneous, found no error in that charge. Id. (citing State v. Harris, 07-124 (La.App. 5 Cir. 9/25/07); 968 So.2d 187).
Likewise, in the instant case, the trial court provided the jury with an instruction *1102 identical to the one in Holt when the jury requested the definition of reasonable doubt. The trial court provided the jury three times with a jurisprudentially-ac-cepted definition. Because a reasonable person of ordinary intelligence would have no problem understanding this definition of reasonable doubt, we find that it is not “reasonably likely” that the jury applied the challenged instruction in an unconstitutional manner. Accordingly, this assignment of error lacks merit.

Errors patent

Finally, defendant requests an error patent review, which this Court routinely performs pursuant to La.C.Cr.P. art. 920. In this matter, our review reveals no errors patent requiring correction in this case.

Conclusion

Based on the foregoing, we find that defendant’s assigned errors lack merit. Accordingly, defendant’s conviction and sentence are affirmed.

AFFIRMED

. At trial, the State and defense stipulated that the evidence seized contained 0.39 grams of cocaine.

. Attempt is defined in La. R.S. 14:27, which provides in pertinent part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
[[Image here]]
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.