HANS J. LILJEBERG, Judge.
1 ¡.Defendant, Michael Brooks, was charged with distribution of cocaine within 2,000 feet of Lemon Gym and Playground, which is a drug-free zone, in violation of LSA-R.S. 40:981.3.[1] Defendant pled not guilty to this charge and proceeded to trial. A 12-person jury found defendant guilty as charged of distribution of cocaine within 2,000 feet of a drug-free zone. Defendant was sentenced to 15 years imprisonment at hard labor, with the first two years to be served without benefit of parole, probation, or suspension of sentence.
*789 Thereafter, the State filed a multiple offender bill of information, alleging that defendant was a second felony offender. After defendant stipulated that he was a second felony offender, his original sentence was vacated, and he was sentenced as a second felony offender to 22½ years imprisonment at hard labor. The sentence was ordered to be served without benefit of probation or suspension of sentence, with the first two years to be served without benefit of parole as well. Defendant appeals.

FACTS

On September 8, 2011, Deputy Jorge Rico of the Jefferson Parish Sheriffs Office acted as an undercover agent, “Louis Cain,” and purchased $40.00 worth of crack cocaine from a black male in the Shrewsbury area. Deputy Rico first made contact with the seller at 3033 Andover Street in Jefferson Parish and was told to |a“make the block.” He drove around the block, stopped next to 3024 Westbury, and the transaction took place on the street. The seller was not arrested at that time for safety reasons.[2]
Deputy Rico’s vehicle was equipped with audio and video recording and a two-way communicator radio. A video of the transaction was captured, but the seller covered his face at the time of the transaction. However, Deputy Rico was able to clearly see the seller’s face before the transaction. After the transaction, Deputy Rico gave a physical description of the seller, noting that he had “gold on the uppers” and “scars on his left forearm.”
Deputy Rico presented the evidence of the transaction to the case agent, Detective Stacey Taranto of the Jefferson Parish Sheriffs Office. Testing confirmed that the two off-white, rock-like objects contained cocaine. Detective Taranto “ran” the 3033 Andover Street address that Deputy Rico provided to him, and she received several results, including defendant’s name.[3] Of the names associated with the address, three of the individuals were black males. Based on Deputy Rico’s description of the suspect, defendant’s photograph was included in a photographic lineup.
On October 12, 2011, Detective Taranto presented a photographic lineup to Deputy Rico, who identified defendant as the seller of the crack cocaine. Deputy Rico also identified defendant in court as the individual who sold him the cocaine. During trial, defendant was asked to show the jury his teeth and to roll his sleeves back. He complied.
|4The video of the transaction was also played for the jury. The video shows that another individual was present at the time of the transaction and handed the seller the narcotics. However, this individual did not approach the vehicle, and Deputy Rico was never able to identify him.
Detective Taranto created a Google Earth map of the location where the transaction took place and determined that the transaction was within 2,000 feet of Lemon Playground. The distance between the drug transaction at 3024 Westbury Street and Lemon Playground at the 1100 block of Shrewsbury Road in Jefferson, Louisi *790 ana, was 1,303.58 feet. The jury was shown photographs of the Lemon Playground building, which contained a “drug-free zone” sign on it. Detective Taranto also went to the area and believed the map accurately represented the area.

LAW AND DISCUSSION

On appeal, defendant asserts that the evidence was insufficient to support the jury’s verdict. Specifically, he argues that the testimony of the undercover officer and the video during which the seller’s face was covered were insufficient to show that he was the perpetrator of the offense. Defendant concludes that his conviction must be reversed because no rational trier of fact could have found that the State bore its burden of proving the identity of the seller beyond a reasonable doubt.
The State responds that it provided ample evidence identifying defendant as the person who sold crack cocaine to Deputy Rico on September 8, 2011, within 2,000 feet of a drug-free zone. It contends that any rational trier of fact could have found beyond a reasonable doubt that defendant was guilty of the charged offense.
In reviewing the sufficiency of the evidence, an appellate court must determine if the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mickel, 09-953 (La.App. 5 Cir. 5/11/10), 41 So.3d 532, 534, writ denied, 10-1357 (La.1/7/11), 52 So.3d 885. A review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Jones, 08-20, p. 6 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240. Rather, a reviewing court is required to consider the whole record and determine whether a rational trier of fact would have found the State proved the essential elements of the crime beyond a reasonable doubt. Id.; State v. Price, 00-1883, p. 5 (La.App. 5 Cir. 7/30/01), 792 So.2d 180, 184.
In addition to proving the statutory elements of the charged offense at trial, the State is required to prove defendant’s identity as the perpetrator. See State v. Draughn, 05-1825, p. 8 (La.1/17/07), 950 So.2d 583, 593, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007); State v. Ingram, 04-551, p. 6 (La.App. 5 Cir. 10/26/04), 888 So.2d 923, 926. When the key issue in the case is identification, the State is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Suggs, 11-64, p. 6 (La.App. 5 Cir. 12/13/11), 81 So.3d 815, 821, writ denied, 12-0054 (La.4/20/12), 85 So.3d 1269. Positive identification by one witness is sufficient to support a conviction. Id.
In the present case, defendant was convicted of distribution of cocaine within 2,000 feet of a drug-free zone, in violation of LSA-R.S. 40:981.3. Defendant does not argue that the State failed to establish any of the essential statutory elements of his conviction. Rather, he focuses on identity, and he claims that the State did not negate any reasonable probability of misidentification.
LOUT review of the record reveals that the evidence presented was sufficient to prove that it was defendant who distributed cocaine within 2,000 feet of a drug-free zone on September 8, 2011. After the transaction, Deputy Rico, the undercover agent, was able to give a physical description of the seller, including that the seller was a black male with gold teeth and scars *791 on his left forearm. During trial, defendant was asked to show the jury his teeth and forearms. Deputy Rico also positively identified defendant in a photographic lineup and in court as the seller of the cocaine. Although defendant covered his face at the time of the transaction, Deputy Rico testified that he was able to clearly see the seller’s face before he covered it.
Deputy Rico first made contact with the seller at 3033 Andover Street. After investigation into this address, several names were found to be associated with it, including defendant’s name. Defendant challenges identity in this case, contending that other suspects were linked to this address as well. However, the photographic lineup did not contain photographs of the other individuals associated with the address, because Detective Taranto did not believe the other individuals were involved in the transaction based on Deputy Rico’s description of the suspect.
Defendant complains that the police failed to do an adequate investigation to even identify the second suspect present that date. Although the defense presented a discrepancy regarding the supplemental police report, which reflected that Deputy Rico handed the money for the cocaine to the second suspect, Detective Taranto explained that this was simply a typographical error and that Deputy Rico actually handed the money to defendant. The jury observed the video of the transaction and saw the second suspect, who did not approach the vehicle.
The jury heard the testimony presented at trial regarding the identity of the seller and obviously found that the evidence pointing to defendant as the seller of |7the cocaine was credible. It is the fact-finder’s function to determine the weight of the evidence bearing on the defendant’s identification. State v. Duronslet, 11-486, p. 10 (La.App. 5 Cir. 1/24/12), 87 So.3d 112, 118, writ denied, 12-0472 (La.9/12/12), 98 So.3d 815. The trier of fact shall evaluate the witnesses’ credibility, and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness. State v. Jones, 08-20, p. 7 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240. It is not the function of the appellate court to second-guess the credibility of witnesses as determined by the trier of fact or to reweigh the evidence absent impingement on the fundamental due process of law. Id.
Viewing the evidence in a light most favorable to the prosecution, we find that the State sufficiently negated any reasonable probability of misidentification, and a rational trier of fact could have found, beyond a reasonable doubt, that defendant was the seller of the cocaine in the charged offense. Accordingly, defendant’s assignment of error is without merit.

ERRORS PATENT

Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. Our review reveals no errors requiring corrective action.

DECREE

For the foregoing reasons, we affirm defendant’s conviction and sentence.

AFFIRMED

. The bill of information originally charged defendant with distribution of cocaine within 2,000 feet of Lemon Gym. However, the State later amended the bill of information by adding "and Playground” to Lemon Gym.

. Deputy Rico explained that immediate arrests are rare because additional transactions are conducted through the neighborhood and they have to protect the identity of the undercover agent.

. The parties stipulated that if Cynthia Dennis was called to the stand, she would testify as the custodian of records for the Louisiana Department of Public Safety Office of Motor Vehicles and would testify as to documents linking defendant to the 3033 Andover Street address in 2010 and 2011.